[S. F. 21852. In Bank. Feb. 16, 1965.]

CARLTON R. INNISS, Petitioner, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Benjamin M. Davis for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Derald E. Granberg, Deputy Attorneys General, for Respondent.

MOSK, J.—Carlton Inniss, an attorney at law, seeks a writ of certiorari to review an order of the respondent court holding him in contempt and sentencing him to pay a fine of $500 or serve five days in jail.

Petitioner appeared as counsel on behalf of several defendants charged with misdemeanors. The defendants had been arrested for "sitting-in" during certain civil rights demonstrations in San Francisco. On Friday, June 12, 1964, during the process of jury selection, petitioner informed the court that he had a trial in Alameda County on Monday, June 15, 1964, which would prevent him from being present on that date. The court informed petitioner that he was attorney for the several defendants and ordered him to appear on the 15th. Petitioner did appear on June 15, although on that day a petition was filed to remove the case to the United States District Court. That petition was denied on June 16, 1964, and the case remanded to the municipal court.

On Wednesday, June 17, Attorney John George appeared on behalf of petitioner declaring that he was to be a substitute for that day only. The court convened on Thursday, June 18, at 10 a.m., and defendants, prospective jurors, and the People's attorney were present, but neither petitioner nor any other attorney appeared to represent defendants. The court recessed until 11:50 a.m. when, having received no word from petitioner, it held him in contempt in absentia for failing to appear and deferred punishment to the termination of the trial. A body attachment was issued for petitioner, who appeared in court that afternoon and attempted to present an excuse for his absence. No record exists of what transpired at that time, except certain references to it at later proceedings in which petitioner denied the court's version of what he had said.

Petitioner returned to court for sentencing on June 30, 1964, and the following colloquy occurred:

"THE COURT: Will Carlton Innis[1] please stand? Mr. Innis, while the court fines you - - -

"MR. INNIS: Your Honor, may I have - - -

"THE COURT: - - - $500.

"MR. INNIS: Your Honor, may I speak before pronouncement of sentence?

"THE COURT: You may."

At this point, following some momentary confusion, petitioner attempted to explain to the court reasons for his failure to appear on the 18th. He claimed to have arranged for a substitute attorney, who assured him three or four times that he would appear. At the last moment, fearing that he would be noted as attorney of record, the substitute did not appear even though he was unable to contact and inform petitioner of his decision.

While petitioner was attempting to complete his explanation, the court interrupted with the following comment: "Mr. Innis, I am not going to sit here all day while you make a speech." After this there was some discussion about California cases involving contempt citations against nonappearing attorneys. The court then completed the formal order fixing the sentence.[2]

The order of the court recites that petitioner was ordered to appear in court and did wilfully fail to appear. No mention of lack of excuse exists, and later proceedings indicate the court did not consider that an essential ingredient of the offense. Seeking modification of the sentence, Attorney Benjamin Davis appeared for petitioner before the sentencing court on July 14, 1964, and the following transpired:

"MR. DAVIS: I feel this way - - -

"THE COURT: He didn't show up for the trial. That is enough. . . .

"MR. DAVIS: But your recital of facts don't [*sic*] show that he did not have a lawful - - -

"THE COURT: I am not supposed to look into probabilities 'that might have,' Mr. Davis."

---

[1]Petitioner's name was misspelled throughout the transcript.

[2]The original order of the court fixed the sentence at $500 or one day in jail for each $25 of fine (20 days). On habeas corpus to the San Francisco Superior Court the sentence was modified to accord with section 1205 of the Penal Code and section 1218 of the Code of Civil Procedure to $500 or one day in jail for each $100 of fine.

In *Arthur* v. *Superior Court* (1965) ante, p. 404, 409 [42 Cal.Rptr. 441, 398 P.2d 777], we affirmed a contempt order under similar circumstances, stating: "Before an attorney may be held in contempt for an absence from the courtroom, he must be notified that he is being cited and given a reasonable opportunity to show why he should be excused. In the absence of arbitrariness on the part of the sentencing judge, and with a showing that a reasonable opportunity was afforded the attorney to explain the reasons for his absence, this court should not annul contempt proceedings against attorneys who fail to appear in court when properly ordered to do so." On the question whether the excuse offered was valid we said, "the responsibility of this court is merely to ascertain whether there was sufficient evidence before the trial court to sustain its judgment and order." (*Id. ante,* at p. 409.)

With the foregoing rules in mind, we nevertheless conclude that this petitioner has presented two valid grounds for annulling the contempt order. First, prior to sentencing, no opportunity was given to petitioner to present an excuse for his absence; and second, the record reveals facts sufficient to ascertain that petitioner did have a valid excuse for his absence.

Petitioner's "hearing" consisted of a last-minute opportunity to speak in the fashion of a criminal defendant before imposition of sentence. That the court did not consider it was conducting an objective hearing into the question of excuse is demonstrated by the impatient comment, "I am not going to sit here all day while you make a speech." Although petitioner is apparently a relatively recent admittee to practice with no prior record of absence, the court fixed the fine at the maximum authorized by the Code of Civil Procedure and attempted to set the alternative jail sentence for an unauthorized length of time.

In the interest of pragmatical administration of justice, we have continued to permit a limited freedom from the burdensome restraints of sections 1211 through 1218 of the Code of Civil Procedure in cases of an attorney's nonappearance. (*Arthur* v. *Superior Court* (1965) *supra,* p. 404.)

Nevertheless, there is no more justification in contempt proceedings than in any other civil or criminal action for abandoning due process, including an opportunity to be heard and to offer explanation when the issue is an absence without excuse. (See *Chula* v. *Superior Court* (1962) 57 Cal.2d 199

[18 Cal.Rptr. 507, 368 P.2d 107], and *Lyons* v. *Superior Court* (1955) 43 Cal.2d 755 [278 P.2d 681].) ▮ It is clear that no such opportunity was afforded this petitioner.

▮ In spite of the procedural omission, the record discloses prima facie evidence of an adequate excuse for the petitioner's absence. There is every indication that petitioner made a sincere and diligent effort to provide a substitute attorney when he had conflicting commitments which required him to appear in two courts simultaneously. He had obtained a substitute the day before in these proceedings, and the court did not object.[3] When he went to court in Alameda County he had no reason to believe that the defendants were not represented in the San Francisco Municipal Court. In fact, he had been assured that his substitute would appear on their behalf. The failure of the other attorney to be present as promised was without petitioner's knowledge and amounted to dereliction on the part of the other counsel, not of this petitioner. Counsel for respondent has attempted to discredit petitioner's explanation because he failed to produce witnesses on his behalf, but petitioner had no reason to believe that he would have an opportunity to present witnesses. Indeed he had no such opportunity, and for that reason the order cannot be sustained.

The contempt order is annulled.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

---

[3] Since it is not an issue in this proceeding, we do not discuss and do not suggest approval of one counsel's casually substituting another temporarily during the course of a trial with no indication of consent by his client.