[Crim. No. 10977. Third Dist. Jan. 13, 1981.]

In re JEROME S. STANLEY on Habeas Corpus.

COUNSEL

Stanley & Wing and Christopher H. Wing for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Edmund D. McMurray and Willard F. Jones, Deputy Attorneys General, for Respondent.

OPINION

**PARAS, J.**—In this original proceeding petitioner asks us to invalidate a judgment of contempt issued by the municipal court in Sacramento.

The facts are not in dispute. Petitioner is attorney of record for a defendant in a criminal case. Trial was originally scheduled for June 4, 1980. On May 28 petitioner prepared a motion to continue which was filed on May 29, to be heard on June 2. Because he was scheduled to appear in federal court that day, an associate appeared to argue the motion; it was granted. The trial was rescheduled for June 23. Petitioner's associate noted the new trial date on the file he carried to court but did not record it elsewhere for office calendaring and did not inform petitioner of it. Petitioner never asked his associate or anyone else about the new trial date.

When the case was called for trial on June 23, the People were ready to proceed and the defendant was present. Neither petitioner nor his associate (whom he had asked to handle his court appearances that day while he was out of town) appeared for the trial. The court issued an order to show cause for contempt and scheduled a hearing thereon for June 25. Petitioner appeared at the hearing with counsel. He and his associate both testified the failure to appear was caused by a breakdown in their office procedures regarding the scheduling of court appearances. Petitioner testified he assumed he was told the outcome of the motion hearing, but never inquired of anyone as to the date to which the trial was continued and was never aware of the new date.

The court found petitioner's failure to appear on the new trial date a willful violation of Code of Civil Procedure section 1209, subdivisions 3 and 5[1] in that petitioner had a duty to make a followup inquiry on a case in which he had a continuance motion pending. Petitioner was adjudged in contempt of court and ordered to pay a fine of $500 and spend three days in county jail.[2]

---

[1] Code of Civil Procedure section 1209: "The following acts or omissions . . . are contempts . . .

"3. Misbehavior in office, or other wilful neglect or violation of duty by an attorney . . .

"5. Disobedience of any lawful judgment, order, or process of the court. . . ."

[2] The judgment recites the court considered "numerous occasions in the past" when it had given petitioner verbal warnings "when he has failed to show for trial, when he has had multiple cases set for trial on the same day and other numerous occasions wherein

Petitioner's several contentions are premised on the theory that he cannot be held accountable for failure to appear because he did not actually know that trial date. We reject the proposition.

Elusive attorneys have long been a recurring problem in trial courts. (*Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 409 [42 Cal.Rptr. 441, 398 P.2d 777].) "When an attorney fails to appear in court with his client, particularly in a criminal matter, the wheels of justice must temporarily grind to a halt. The client cannot be penalized, nor can the court proceed in the absence of counsel. Having allocated time for this case, the court is seldom able to substitute other matters. Thus, the entire administration of justice falters." (*Id.*, at p. 411.)

■ An attorney's failure to appear at the scheduled time without valid excuse is a species of direct contempt and may be punished summarily. (*Chula* v. *Superior Court* (1962) 57 Cal.2d 199, 203 [18 Cal.Rptr. 507, 368 P.2d 107, 97 A.L.R.2d 421].) Due process does, however, require the court to afford an opportunity for the attorney to present a valid excuse (*Inniss* v. *Municipal Court* (1965) 62 Cal.2d 487 [42 Cal.Rptr. 594, 399 P.2d 50]), as was done in this case.

■ Whether certain acts constitute contempt is a jurisdictional question to be determined by the trial court. (*In re Ciraolo* (1969) 70 Cal.2d 389, 394 [74 Cal.Rptr. 865, 450 P.2d 241].) As a reviewing court, our role is merely to ascertain whether there was sufficient evidence before the trial court to sustain the judgment and order. The power to weigh the evidence rests with the trial court. (*Id.*, at p. 394.)

■ In this case the trial court rejected petitioner's proferred excuse based on a breakdown of office calendaring procedures, and determined that his failure to inquire about the new trial date was a breach of duty which led to his failure to appear. It is clear that petitioner had a duty to present himself in court and diligently continue with a trial he had undertaken and not to delay it unduly for any personal matter reasonably within his control.[3] (*Lyons* v. *Superior Court* (1955) 43 Cal.2d

he was late for court or had conflicts with his calendar." After the judgment issued, petitioner applied to the superior court which ordered the municipal court to reconsider the sentence without reference to past conduct. The municipal court did so and imposed the same sentence.

[3]Since there was no appearance by anyone on behalf of petitioner's client on June 23, we need not consider the effect of his arrangement with his associate to cover for him that day.

755, 758 [278 P.2d 681].) Implicit in this duty is the obligation to be informed of required dates and times for court appearance. (See ABA, Model Code of Prof. Responsibility (1980) DR 6-101 (3) at p. 31.) Petitioner failed in these duties. His omissions were willful in that his failure to inquire and consequent scheduling of an out-of-town appointment evidenced "a . . . willingness to commit the . . . omission" (*Lyons, supra*, 43 Cal.2d at p. 759), and an indifferent disregard of the duty to obey court orders promptly (*In re Karpf* (1970) 10 Cal.App.3d 355, 372 [88 Cal.Rptr. 895]).

There was sufficient evidence to support the trial court's findings. ■ Petitioner's additional argument that the sentence imposed was an abuse of discretion is without merit; the penalty is well within statutory limits. (Code Civ. Proc., § 1218.)

The order to show cause is discharged and the petition for writ of habeas corpus is denied. The stay heretofore issued by this court will be dissolved on finality of this opinion.

Puglia, P. J., and Wolters, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 20, 1981. Bird, C. J., and Tobriner, J., were of the opinion that the application should be granted.

---

*Assigned by the Chairperson of the Judicial Council.