[Civ. No. 68219. Second Dist., Div. Three. Jan. 9, 1984.]

In re the Marriage of SHIRLEY R. and SPENCER G. GUMABAO.
SPENCER G. GUMABAO, Respondent, v.
SHIRLEY R. GUMABAO, Respondent;
JIM BENTSON, Appellant;
MARK U. EDWARDS, Respondent.

**COUNSEL**

Michael Leight for Appellant.

Edwards, Edwards & Ashton and William J. O'Brien for Respondent Mark U. Edwards.

**OPINION**

**LUI, J.—**

### SUMMARY

In this appeal, we determine that section 128.5 of the Code of Civil Procedure,[1] enacted in 1981, empowers the trial court to award attorney's

---

[1] Hereinafter, all references shall be to the Code of Civil Procedure unless otherwise indicated.

Section 128.5 provides: "(a) Every trial court shall have the power to order a party or

fees as sanctions against an attorney who is aware of his inability to appear at the time set for trial, has an opportunity to but fails to take appropriate steps to notify opposing counsel of such inability, fails to adequately inform the court of the reasons for his delay in appearance, and fails to appear in court in accordance with his representations. In our view, the actions of the sanctioned attorney constituted tactics which caused unnecessary delay to the opposing party and her counsel. The trial court's award of attorney's fees under section 128.5 was justified.

### FACTS AND PROCEEDINGS BELOW

On August 16, 1982, the petition for a marital dissolution between Spencer and Shirley Gumabao was set for trial at 9 a.m. in one of the departments of the Glendale branch of the Los Angeles Superior Court.

▇▇ ▇▇▇▇ Despite several telephone calls from the office of Spencer Gumabao's attorney, appellant Jim Bentson,[2] to the superior court clerk assuring his appearance, Bentson never appeared for trial on August 16, and the matter was eventually continued for trial to August 30. Subsequently, Shirley Gumabao's attorney, respondent Mark Edwards, noticed a motion for sanctions pursuant to section 128.5 to be heard at the time of trial.

Edwards' declaration filed in connection with the motion for sanctions stated that the dissolution trial had been set on August 16, at Bentson's request, that Bentson never indicated that he would not be present in court at 9 a.m. on August 16, and that on August 16, at approximately 9:45 a.m., he was notified by the superior court clerk that Bentson's office had called and indicated that Bentson would be in court at 11 a.m. Edwards returned

---

the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith. [¶] (b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (Added by Stats. 1981, ch. 762, § 1.)

[2]The order imposing sanctions is appealable as a final order on a collateral matter directing the payment of money. (See *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176].) The order complained of directs Bentson to pay the sanctions personally. Although Bentson is not a party to the underlying action, he is a party of record in the collateral matter by virtue of the trial court's order and has standing to appeal. (See *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942], and *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57].)

to court at 11 a.m. and was notified by the clerk that Bentson's office had called again and stated that Bentson would be in court at 1:30 p.m. Edwards was in court at 1:30 p.m. and was notified by the clerk that Bentson would be in court at 2:30 p.m. Bentson never appeared on August 16, and the dissolution trial was continued.

Bentson filed a declaration in response to Edwards' motion for sanctions. Bentson's declaration states that on Friday, August 13, and most of Monday, August 16, he was engaged in a downtown Los Angeles Municipal Court civil trial. The three counsel involved in the civil trial appeared in the master calendar of the municipal court and announced a trial estimate of one-half day. The matter was assigned to division 15 at 11 a.m. on August 13. Counsel and the parties reported to division 15 and were directed to return at 1:30 p.m. Division 15 was engaged in another trial and the civil trial was not started until after 2:20 p.m. At 4:30 p.m. the civil trial was continued until 10 a.m. on Monday, August 16, and the court directed counsel to participate in an informal settlement conference in the municipal judge's chambers. The conference lasted until 5:10 p.m. Bentson's declaration further states that he "felt it was too late to notify Mark U. Edwards' office that this difficulty had been encountered."

On Saturday, August 14, Bentson spoke with his client and told him to report to the superior court at 9 a.m. on Monday for the dissolution trial and to report that there was a 50-50 chance he could be in court by 11 a.m., but definitely by 1:30 p.m. Bentson also left a note for his secretary to relay this same message to the superior court clerk.

On Monday, August 16, the civil trial did not commence until 11:15 a.m. At noon the parties were ordered to return at 1:30 p.m. for final argument. Bentson called his secretary to notify the superior court clerk that he could not appear until 2:30 p.m. At approximately 2 p.m., he called his office and was informed that the dissolution trial had been postponed. Thereafter, he returned to his law offices in Seal Beach.

The hearing on the motion for sanctions was conducted on August 30, 1982.[3] During a short hearing on the motion, Bentson admitted to the court below that he had never personally called the court; rather, he had his secretary make the calls. There was some dispute as to whether the dissolution trial had been set on August 16, at Bentson's request or whether Edwards had set the matter after checking with the superior court clerk. In any event, the motion was submitted based upon the pleadings. The trial

---

[3]Bentson's brief indicates that the dissolution trial was continued until August 20, and actually concluded that morning. His brief further indicates that the hearing on the motion

court granted Edwards' motion for attorney's fees in the amount of $450 pursuant to section 128.5. Bentson filed a timely notice of appeal.

APPELLANT'S CONTENTIONS ON APPEAL

Appellant's contentions, in summary, are that:

1. Section 128.5 must be read in conjunction with appellate decisions dealing with contempt. These decisions do not authorize sanctions for an absent or tardy attorney if there is a valid excuse for such tardiness or absence. He claims his involvement in the municipal court trial was a valid excuse for his nonappearance and that, therefore, his actions were not frivolous or in bad faith; and

2. The trial court's improper ex parte communications with respondent Edwards invalidated the sanction order.

Respondent controverts appellant's contentions.

DISCUSSION

Bentson cites us to *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404 [42 Cal.Rptr. 441, 398 P.2d 777]; *Inniss* v. *Municipal Court* (1965) 62 Cal.2d 487 [42 Cal.Rptr. 594, 399 P.2d 50]; *Mowrer* v. *Superior Court* (1969) 3 Cal.App.3d 223 [83 Cal.Rptr. 125]; and *Miller* v. *Municipal Court* (1967) 249 Cal.App.2d 531 [57 Cal.Rptr. 578], and argues that these appellate decisions prevent an attorney from being held in contempt for being tardy or absent from court at the designated time if the attorney has a valid excuse. He further contends that his actions were not wilful.

Even assuming, arguendo, that the facts in these cited decisions are analogous to the facts at hand, the power of the court to punish for acts of

for sanctions was advanced to August 20, and submitted for decision on that date. This is inconsistent with the documents contained in the clerk's transcript which indicate that notice of motion for sanctions was filed by the superior court clerk August 30, 1982, but also bears a received date of August 26, 1982; the proof of service indicates that service on Bentson was made by mail on August 25, 1982.

contempt[4] is separate and distinct from the powers of the trial court to sanction attorneys for "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." (§ 128.5.) Thus, these decisions relating to the court's contempt power are simply inapposite.

 The trial court, on respondent's motion, sanctioned Bentson for his failure to appear at the dissolution trial despite representations made by his office that he would be in court. Bentson's failure to notify the court and opposing counsel that he would not be able to appear, and of the exact reasons for his inability to timely appear was properly construed by the trial court as a delaying tactic.[5]

Because of Bentson's failure to take the courteous step of notifying Edwards of his predicament, Edwards and his client were required to sit or be available for court the better part of a day. Whether Bentson had a valid excuse or engagement in another trial so as to have a valid defense to contempt is of no consequence to us. His discourteous act towards opposing counsel was not in good faith, was frivolous and caused unnecessary delay, and serves as ample justification for being held responsible personally for the attorney's fees of the opposing party. We further believe that sanctions may be imposed under section 128.5 even if Bentson's actions were not wilful since the section does not require wilfulness to be an aspect of the actions or tactics.

Because the motion for sanctions was submitted on the pleadings by the parties after a brief hearing, we are not faced with any question concerning the adequacy of the notice required under section 128.5, subdivision (b).

Finally, Bentson alleges improper acts of collusion between the bench officer and Edwards because the court signed the order for sanctions prepared by Edwards on the same date as the August 30 minute order. We fail to see how this demonstrates any improper ex parte communication between Edwards and the bench officer. Accordingly, we reject this contention summarily as lacking any merit whatsoever.

---

[4]Contempt may be civil or criminal. Civil contempt generally is an act which violates a valid court order, e. g., disobedience of an injunction or support decree. Criminal contempt, on the other hand, is an act of disrespect to the court or an interference with its functioning. (See generally 4 Witkin, Cal. Procedure, (2d ed. 1971) Trial, §§ 138-141, pp. 2960-2964.)
Certain acts of contempt may also be a misdemeanor. (Pen. Code, § 166.) Punishment for contempt which is not a misdemeanor is set forth in sections 1218 and 1219.

[5]We do not require counsel personally to notify opposing counsel directly. Counsel may utilize members of his staff. However, any failure in communication will be chargeable to counsel.

For the reasons indicated above, the order is affirmed.

Klein, P. J., and Danielson, J., concurred.