692 P.2d 545

**In the Matter of Michael L. STOUT, Contemnor-Appellant.**

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William A. McGHEE, Defendant.**

**No. 7035.**

Court of Appeals of New Mexico.

Dec. 6, 1984.

Robert R. Rothstein, Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for contemnor-appellant.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NEAL, Judge.

Attorney Michael Stout was held in contempt of court for failing to attend a sentencing hearing without an acceptable explanation, in addition to having vacated two previous hearings in the cause of *State v. McGhee.* Stout then moved for summary reversal on the ground that the trial judge should have recused himself under *Wollen v. State,* 86 N.M. 1, 518 P.2d 960 (1974). This court summarily reversed on that ground in a memorandum opinion that is appended to Justice Sosa's dissent in *State v. Stout,* 100 N.M. 472, 672 P.2d 645 (1983). On certiorari, the supreme court reversed, overruling *Wollen. State v. Stout.* We review on remand from the supreme court.

Stout raises three issues:

1. Whether there was sufficient evidence upon which to hold him in contempt.

2. Whether he was given adequate notice and an opportunity to be heard.

3. Whether he should be given a hearing at which to address the issue of personal embroilment of the trial judge in light of the change in law occurring in this case.

The state implicitly confesses error on the first two issues and our decision renders the third moot. A review of these proceedings will show that the state's implicit confession of error is well-taken. *See State v. Maes,* 100 N.M. 78, 665 P.2d 1169 (Ct.App.1983). We reverse the conviction because of insufficient evidence.

McGhee was charged with capital murder and two lesser felonies. The public defenders of the third and fifth judicial districts entered their appearances. Stout was public defender for the fifth district. Attorney Mitchell acted as co-counsel in the case.

At the end of a long trial, the jury was unable to unanimously agree on aggravating circumstances or a death sentence. Although a life sentence was mandated on the capital murder charge, NMSA 1978, § 31–20A–3 (Repl.Pamp.1981), Stout wanted a sentencing hearing on the other offenses. The court set sentencing for January 5, 1983 at 9:00 a.m., in Las Cruces.

According to the unsworn, but uncontradicted, assertions of Stout, Mitchell and Attorney Esparza of the public defender's office in Las Cruces, on the morning of January 5, Stout and Mitchell were in Judge Fort's courtroom in Carlsbad. Mitchell was representing the defendant in another capital murder case. Stout was representing a witness, a co-defendant who had been called to testify in the case and who was being threatened with contempt for his failure to testify. *See State v. Boeglin,* 100 N.M. 470, 672 P.2d 643 (1983), *opinion on remand,* 101 N.M. 567, 686 P.2d 257 (Ct.App.1984). It had been unclear when Boeglin would be called to testify. As it happened, Boeglin's presence at the proceeding was required.

Once it became clear that the presence of both Stout and Mitchell would be required in Carlsbad on January 5, Stout arranged for Esparza to cover McGhee's sentencing. He prepared Esparza for the hearing by discussing the witnesses to be called, and theories and arguments to advance. Esparza agreed to represent McGhee at his sentencing and so informed Stout.

However, when Judge Martin called McGhee's case for sentencing, Esparza announced that he was not ready and moved for a continuance. Judge Martin stated that he would contact Stout on the telephone to see when Stout could be available for a contempt hearing. Judge Martin also stated that he had had problems before with "these two [Stout and Mitchell] obeying what they were told to do. And I am not going to put up with it anymore." Following a recess, the court set sentencing for January 7 and stated that he would first address Stout's failure to appear.

Stout appeared in Judge Martin's office on January 6. According to Judge Martin, he advised Stout that the purpose of the January 7 proceedings was to determine if Stout should be held in contempt. Neither the telephone call to Stout nor the January 6 chambers meeting were on record. On January 7, the proceedings began with the

court stating, "Mr. Stout, I would like to address, first, the matter of your failure to appear at the hearing two days ago. . . . I will afford you an opportunity at this occasion to tell me what reasons you have for not appearing at the time it was scheduled for hearing."

Thereafter, statements were made by Messrs. Stout, Mitchell, Esparza, Macias (another Las Cruces public defender), and Donatelli (representing the public defender's administrative office). Following the statements, the judge recalled two other times during this case when Stout set matters for hearing and then vacated them. Stout asked for an opportunity to address those matters, but was denied one. The court found Stout in contempt. Stout objected to the proceedings, particularly to the lack of notice, denial of constitutional rights, and personal embroilment of the judge. The court said, "The matter is final. You may appeal to the Supreme Court, if you have [the] right of appeal."

■ Assuming, but not deciding, that the procedure followed does not constitute error, we address Stout's contention that his conviction is not supported by sufficient evidence. Prior proceedings in the case have determined that Stout was held in indirect criminal contempt. *State v. Stout,* 100 N.M. at 474, 672 P.2d 654. The rules of criminal procedure apply to a criminal contempt hearing. *Lindsey v. Martinez,* 90 N.M. 737, 568 P.2d 263 (Ct.App.1977). Sufficient evidence, in a criminal contempt proceeding, is proof beyond a reasonable doubt. *State v. Morris,* 75 N.M. 475, 406 P.2d 349 (1965).

No witnesses were sworn in at the proceeding, but all statements made corroborated Stout's explanation for not appearing; he was appearing in another court on another matter.

■ Inability without fault to comply with a court's order is a defense to a con-

tempt charge. *Andrews v. McMahan,* 43 N.M. 87, 85 P.2d 743 (1938). Cases from other jurisdictions hold that, on facts similar to this case there can be no contempt as a matter of law. *Inniss v. Municipal Court of the City and County of San Francisco,* 62 Cal.2d 487, 42 Cal.Rptr. 594, 399 P.2d 50 (1965). When an attorney arranges for substitute counsel and has the substitute's assurance he will attend, the attorney has a valid excuse. *Id.; In re Marshall,* 423 F.2d 1130 (5th Cir.1970). *See* Annot., 13 A.L.R. 4th 122 (1982).

■ It is uncontroverted that Stout appeared in another court at the same time he was scheduled to appear in the *McGhee* case. It is uncontroverted that he arranged for substitute counsel, and prepared substitute counsel for the hearing. His conduct shows no intent to violate the court's order requiring his presence. Criminal contempt requires a criminal state of mind. Such a state of mind is wholly lacking here. The judge was notified that the substitute counsel would handle the hearing. Stout sought and received assurance that Esparza would cover the hearing. Esparza's motion for a continuance was made without Stout's knowledge. There is no evidence of disrespect so as to require the imposition of sanctions to protect the court's authority.

The trial court is reversed, with instructions to discharge Mr. Stout and vacate the fine.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.