[No. S099667. Sept. 23, 2004.]

In re RAUL V. AGUILAR and ALLEN J. KENT on Contempt.
RAUL V. AGUILAR, Plaintiff and Appellant, v.
ESTHER R. LERNER, Defendant and Respondent.

**COUNSEL**

Raul V. Aguilar, in pro. per.; Rogers Joseph O'Donnell & Phillips, Pamela Phillips, Miranda Kane and Sean M. SeLegue for Raul V. Aguilar.

Philip Scott Ryan for Allen J. Kent.

**OPINION**

**THE COURT.**—On February 18, 2004, we ordered Attorney Raul V. Aguilar and Attorney Allen J. Kent to show cause before this court why each should not be held in contempt of court for the willful neglect of the duty to appear for oral argument before this court in *Aguilar v. Lerner* (2004) 32 Cal.4th 974 [12 Cal.Rptr.3d 287, 88 P.3d 24] on February 10, 2004. Each attorney filed a return and thereafter appeared before this court, by counsel and in person, on March 9, 2004, providing statements and arguments and answering questions posed by the court.

On March 17, 2004, after considering the returns to the order to show cause, the declarations and other written submissions by both attorneys and counsel, and the oral presentations before this court on March 9, 2004, we issued an order declining to discharge the order to show cause, retaining jurisdiction over the contempt matter, and referring this matter to the State Bar Court for further investigation, an evidentiary hearing or hearings, and a

report to this court on specified questions.[1] The State Bar Court conducted an investigation, held a two-day evidentiary hearing, and submitted a 26-page report to this court on April 30, 2004, with findings pertaining to each of the referred questions. At our request, Aguilar and Kent filed letter briefs on May 24, 2004, responding to the State Bar Court's report and findings.

After considering all the materials that have been filed in this case, including the oral presentations before this court on March 9, 2004, and the transcript of the evidentiary hearing before the State Bar Court, we conclude that Aguilar and Kent each should be held in contempt, that Kent should be fined $250, that Aguilar should be fined $1,000, and that Aguilar should be referred to the State Bar for investigation and, if appropriate, the imposition of additional disciplinary sanctions. (Code Civ. Proc., § 1218; Bus. & Prof. Code, § 6086.7.)

With regard to Kent, we find that he violated his professional obligation to this court by failing, without adequate justification, either to appear for oral argument before this court or to notify this court that he would not be appearing. (See Code Civ. Proc., § 1209, subd. (a)(3) ["willful neglect or violation of duty by an attorney"] and (5) ["[d]isobedience of any lawful . . . order . . . of the court"].)

Past California cases that have considered whether an attorney may be held in contempt of court for failure to appear in court establish that when an attorney is aware of an order requiring his or her appearance in court, and the attorney has the ability to appear but knowingly and intentionally does not appear, the attorney has "willfully" neglected or failed to appear. (See, e.g., *Lyons v. Superior Court* (1955) 43 Cal.2d 755, 759 [278 P.2d 681] ["The commitment order thus establishes that the court concluded that petitioner had had the ability to appear punctually at 2 o'clock *and that his failure or*

---

[1] We submitted the following questions to the State Bar Court:

1. Did either Kent or Aguilar lie in any statement made to the Supreme Court in writing or orally (under penalty of perjury or otherwise)?

2. Would Kent have breached any professional or ethical obligation to his client (present or former) by notifying the Supreme Court, prior to February 10, 2004, that he would not be appearing for appellant at the February 10 oral argument?

3. Did Kent breach any professional or ethical obligation to the Supreme Court by failing to notify the Court that he would not be appearing at the February 10 oral argument?

4. Did Aguilar know, prior to receiving a telephone call from the Clerk/Administrator of the Supreme Court on February 10, 2004, that the case of *Aguilar v. Lerner* was scheduled to be argued before the California Supreme Court on February 10, 2004?

5. Did Aguilar know, or should he have known, prior to February 10, 2004, that Kent would not be appearing for the appellant in *Aguilar v. Lerner* at the oral argument before the Supreme Court scheduled for February 10, 2004? If so, did Aguilar breach any professional or ethical obligation to the Supreme Court by failing to appear or to assign another attorney to appear at oral argument?

*neglect to appear was wilful, i.e., with 'a purpose or willingness to commit the act, or make the omission.' "* (Italics added.)].) Once such willful failure to appear is shown, the propriety of a contempt judgment depends upon the validity or persuasiveness of the attorney's excuse or justification for his or her nonappearance. (See, e.g., *Lyons, supra,* 43 Cal.2d at p. 759; *Arthur v. Superior Court* (1965) 62 Cal.2d 404, 411–412 [42 Cal.Rptr. 441, 398 P.2d 777]; *Inniss v. Municipal Court* (1965) 62 Cal.2d 487, 491 [42 Cal.Rptr. 594, 399 P.2d 50]; *In re Stanley* (1981) 114 Cal.App.3d 588, 591–592 [170 Cal.Rptr. 755].)

In this case, contrary to Kent's claim, the order of this court, filed on January 14, 2004, setting the case of *Aguilar v. Lerner* for oral argument on February 10, 2004, constitutes a sufficiently specific order directing counsel's presence before this court at the designated time and place. Indeed, Kent clearly was aware of this obligation, because on January 29, 2004, he returned the form that the clerk's office had sent to him with the Supreme Court's February 2004 oral argument calendar, expressly indicating that he would be presenting oral argument on behalf of appellant Aguilar on February 10, 2004. Although we agree with Kent that the law firm of Aguilar & Sebastinelli, by whom Kent was employed, rather than Kent personally, was the formal attorney of record for appellant Aguilar, so that another attorney in the law firm could have appeared at oral argument for appellant Aguilar without the need for a formal substitution of counsel, it does not follow that in the absence of such an appearance by another attorney, Kent—who personally had signed all documents filed in this court on behalf of appellant Aguilar and had informed the court that he would be presenting oral argument on February 10—may not personally be held in contempt for failing, without adequate justification, either to appear or at least notify the court that he would not be appearing. The question whether Kent may and should be held in contempt depends upon an assessment of the validity of Kent's excuse or justification for failing to appear or notify the court that he would not appear.

In light of the circumstances disclosed by the record in this case, we do not find adequate justification to excuse Kent's failure to notify this court that he would not be appearing at oral argument.

■ Presentation of oral argument on appeal is an important responsibility for an attorney in any case, not only in light of the duty owed to the client but also because of the attorney's professional obligations to the appellate court. As a general rule, this court does not permit parties to waive oral argument in cases before this court, and we, like all other courts, rely upon the presentation of oral argument by well-prepared attorneys to assist us in reaching an appropriate resolution of the often difficult questions presented in the cases before us.

In this case, Kent terminated his employment at Aguilar & Sebastinelli only five days prior to the oral argument scheduled in this court. Even if, as Kent maintains, his departure from the firm properly can be characterized as a "constructive discharge" because of the significant reduction in salary and responsibilities that prompted his resignation, Kent's decision to leave the firm did not automatically terminate his professional responsibilities either to his former client or to this court. For purposes of this contempt proceeding, we need not determine whether Kent took adequate steps to avoid reasonably foreseeable prejudice to the rights of his client (or former client) (see Rules Prof. Conduct, rule 3-700(A)(2)), but we do find that, under the circumstances of this case, Kent violated his responsibility to this court by failing to notify the court that he would not be appearing at oral argument.

As noted above, on January 29, 2004, just one week prior to his departure from the firm, Kent specifically informed this court that he would be appearing for oral argument on behalf of Aguilar at the scheduled February 10 oral argument in *Aguilar v. Lerner*. After his departure from the firm on February 5, Kent made no effort to notify this court that he would not be appearing in *Aguilar v. Lerner* because he no longer represented appellant Aguilar. The evidence presented in this contempt proceeding makes clear that Kent had not been informed that another attorney actually had been assigned to the case and would appear before this court on February 10 in his place (and, of course, no such attorney had been assigned to make such an appearance).[2] Contrary to Kent's contention, Kent would not have prejudiced his client (or former client) simply by notifying this court that he no longer represented appellant Aguilar, and in our view Kent could not reasonably have believed that providing such notice to this court would be improper.

Accordingly, under the circumstances revealed by the record in this case, we conclude that there was no adequate justification for Kent's failure to inform the court that he would not appear on February 10. Although Kent might have been fortunate enough to avoid any sanction had another attorney been promptly reassigned to the case, been able adequately to prepare for oral argument, and appeared at and presented oral argument on behalf of appellant

---

[2] The evidence presented at the evidentiary hearing discloses that on the day prior to and the day of his departure from the law firm, Kent briefly mentioned the upcoming Supreme Court argument to two associates at the law firm, but not to Aguilar, the legal manager of the firm who made all assignments at the firm. Kent testified that in his conversations with the associates he offered to provide assistance over the weekend if the case were assigned to either of them, but in their testimony at the hearing neither associate testified that any such offer was included in his brief conversation with Kent in which the upcoming oral argument was mentioned. In any event, Kent further specifically testified that when he spoke to one of the associates on the Saturday or Sunday preceding the scheduled Tuesday, February 10 oral argument, the associate informed Kent that the case had not been assigned to him (the associate), and Kent further acknowledged never having asked the other associate whether the matter had been assigned to that associate.

Aguilar, Kent cannot avoid his share of responsibility for the interference with this court's operations that resulted when, without any advance notice, no attorney appeared on behalf of appellant Aguilar when the case of *Aguilar v. Lerner* was called for argument before this court on February 10, 2004.

Under these circumstances, we find Kent in contempt of court for failing, without adequate justification, to notify the court that he would not appear for oral argument, and we conclude that an appropriate sanction for this contempt is a fine of $250.

With respect to Attorney Aguilar, we find his derelictions significantly more serious than those of Kent. We agree with the State Bar Court's findings that Aguilar repeatedly lied[3] to this court when he stated, both in written documents filed in this court and in oral statements made before the court, that he was unaware of the time and date of the scheduled oral argument in *Aguilar v. Lerner* prior to receiving a telephone call from the Clerk/Administrator of the Supreme Court on February 10, 2004, the date of the scheduled argument.

The evidence presented at the evidentiary hearing establishes that on January 15, 2004, the day Kent received the order from this court setting the case of *Aguilar v. Lerner* for oral argument on February 10, 2004, at 2:00 p.m., Kent telephoned Aguilar in Los Angeles, informed him of the time and date of argument before this court in *Aguilar v. Lerner*, and also specifically discussed with him the need to seek a continuance of a conflicting oral argument in another case (assigned to Kent) that was then scheduled for oral argument in the Court of Appeal in Los Angeles on February 10. The evidence also establishes that, prior to February 5, 2004, Aguilar personally reviewed a copy of the Supreme Court's February 2004 oral argument calendar and made a handwritten notation of Kent's first name ("Allen") on the document.

In a letter brief filed in response to the State Bar Court report, counsel for Aguilar effectively concedes that the evidence presented at the evidentiary hearing demonstrates that Aguilar was aware before February 10 of the argument date in *Aguilar v. Lerner*, but asserts that because of the extraordinary economic pressure under which Aguilar had been operating during the latter half of January, Aguilar, by February 10, 2004, had forgotten the date scheduled for oral argument in *Aguilar v. Lerner*. On this ground, counsel maintains that Aguilar "truthfully reported his own state of mind" when he

---

[3] We employ the term "lie" in its customary usage, as involving a *deliberate* misrepresentation. (See, e.g., Webster's 3d New Internat. Dict. (2002) p. 1305.)

told the Clerk/Administrator of the Court on February 10 that he was unaware the case was scheduled for argument on that date.

The evidence presented at the evidentiary hearing casts grave doubt on even this limited claim, because one of the associates at Aguilar & Sebastinelli, William Henley, specifically testified at the hearing that *on February 5, 2004,* Kent's last day at the firm, shortly after Henley helped Kent carry Kent's belongings from his office to his car, he (Henley) informed Aguilar—in speaking of items that would have to be covered for Kent—that Kent had just indicated that he (Kent) had an oral argument scheduled in the California Supreme Court on the following Tuesday, February 10, 2004. Henley further testified that Aguilar had replied at that time: "Oh, we don't need to go to that." Although Aguilar subsequently attempted to explain this response by suggesting he had confused the case to which Henley was referring with another case assigned to Kent that was then pending before the Court of Appeal, that explanation is unconvincing because Henley specifically referred to a case before the California Supreme Court and *Aguilar v. Lerner* was the only case that the firm then had—or had ever had—before the Supreme Court.[4]

In any event, even if we were to credit the claim that when he spoke to the Clerk/Administrator of the Supreme Court in two telephone calls on February 10, Aguilar temporarily had forgotten that he previously had been informed of the date and time of the oral argument in *Aguilar v. Lerner,* Aguilar made that representation (that he was unaware of the scheduled court appearance) not only on the date of the scheduled argument itself, but repeated this misrepresentation in a letter sent to this court on February 11, 2004, in his response filed on February 27, 2004, to the order to show cause, and in his oral presentation to this court on March 9, 2004. Aguilar certainly had adequate opportunity, prior to making these later statements, to review all records and to discuss the matter fully with employees of his law firm so as to refresh his memory. Under the circumstances, we believe the evidence amply supports the State Bar Court's finding that Aguilar lied to this court when he stated repeatedly that he was unaware, prior to February 10, 2004, of the date and time of the scheduled oral argument in *Aguilar v. Lerner.*

---

[4] Although counsel for Aguilar suggests there is no plausible reason Aguilar deliberately would have decided not to assign an attorney to appear for the oral argument in *Aguilar v. Lerner,* it certainly is not inconceivable that Aguilar may have determined that from his own economic perspective the oral argument in *Aguilar v. Lerner*—a legal malpractice case that Aguilar had instituted against his former divorce attorney and that had proven quite unsuccessful to date (see *Aguilar v. Lerner, supra,* 32 Cal.4th 974, 980–981)—had a lower priority than other matters to which Kent had been assigned and that were required to be immediately reassigned to other attorneys. Of course, however rational such a decision may have appeared at that time from Aguilar's personal economic perspective, from a professional perspective there could be no justification for failing to ensure that a fully prepared attorney appear and participate at an oral argument scheduled before this court.

■ It is, of course, an extremely serious breach of an attorney's duty to a court to lie in statements made to the court (see Bus. & Prof. Code, § 6068, subd. (d); Rules Prof. Conduct, rule 5-200 (B)), and an intentionally false statement made by an attorney to a court clearly constitutes a contempt of court. (Code Civ. Proc., § 1209, subd. (a)(3); *In re Ciraolo* (1969) 70 Cal.2d 389, 394 [74 Cal.Rptr. 865, 450 P.2d 241].) We find Aguilar in contempt of court for lying to this court in stating that he was unaware, prior to February 10, 2004, that the case of *Aguilar v. Lerner* was scheduled for oral argument in this court on February 10, 2004.

■ In addition to finding that Aguilar lied to the court, we also conclude that Aguilar committed a contempt of court in intentionally failing, after the termination of Kent's employment at Aguilar & Sebastinelli on February 5, to assign an attorney to appear at oral argument before this court. As already noted, the evidence presented at the evidentiary hearing indicates that on February 5, shortly after Kent's departure from the firm, Aguilar was asked by an associate at Aguilar & Sebastinelli about Kent's oral argument before the Supreme Court that was scheduled for the following Tuesday (February 10), and Aguilar replied: "Oh, we don't need to go to that." We find Aguilar's attempt to provide an innocent explanation of this statement unconvincing (*ante*, p. 393), particularly in light of Aguilar's lack of veracity with regard to the other statements discussed above.

Because we find that Aguilar (1) had knowledge of the court order scheduling oral argument in *Aguilar v. Lerner* for February 10, 2004, (2) had the ability, as the managing lawyer of Aguilar & Sebastinelli, to assign an attorney to appear at oral argument, and (3) made an intentional decision not to do so, we find Aguilar in contempt of court on this ground as well. (Code Civ. Proc., § 1209, subd. (a)(5).)

In light of the serious nature of Aguilar's contemptuous conduct, we conclude that Aguilar should be fined $1,000 and should be referred to the State Bar for further investigation and, if appropriate, the imposition of additional disciplinary sanctions. (Bus & Prof. Code, § 6086.7, subds. (a), (c).)

Attorney Allen J. Kent is found in contempt of court and is ordered to pay a fine of $250.

Attorney Raul V. Aguilar is found in contempt of court and is ordered to pay a fine of $1,000. Pursuant to Business and Professions Code section 6086.7, subdivisions (a) and (c), the clerk is directed to notify the State Bar of this court's action with regard to Attorney Aguilar by forwarding to the State Bar a copy of this opinion and judgment of contempt, and the clerk

shall make available to the State Bar the complete record of this contempt proceeding.

**KENNARD, J.,** Concurring and Dissenting.—I agree with the majority in holding Attorney Raul V. Aguilar in contempt of court, fining him $1,000, and referring him to the State Bar. Unlike the majority, however, I would not hold Attorney Allen J. Kent in contempt nor fine him $250.

The majority describes this court's order of January 14, 2004, setting the case of *Aguilar v. Lerner* for oral argument on February 10, 2004, as "a sufficiently specific order directing *counsel's* presence before this court at the designated time and place." (Maj. opn., *ante*, at p. 390, italics added.) But Attorney Kent was *not* counsel of record for plaintiff Aguilar in that case. Kent's employer, the law firm of Aguilar & Sebastinelli, was. Thus, after Kent's departure from the firm, the latter had the responsibility of seeing to it that an attorney other than Kent would appear for the scheduled oral argument.

Once Kent left the law firm of Aguilar & Sebastinelli, he had no obligation to appear for oral argument before this court on behalf of Aguilar, his former employer and the plaintiff in *Aguilar v. Lerner*. Kent's departure did not absolve him of the duty to remind Aguilar of the upcoming oral argument so Aguilar could assign another attorney to argue the case. Kent did so: The State Bar Court found that on February 5, 2004, five days before oral argument in this court in *Aguilar v. Lerner*, Kent had a closed-door meeting with Aguilar and informed him that he was leaving the law firm. Although Kent did not, in this meeting, specifically notify Aguilar he would not appear for the scheduled Supreme Court oral argument in *Aguilar v. Lerner*, Kent mentioned the oral argument date to Attorney William Henley, an associate in Aguilar's law firm, the same day and Henley in turn informed Aguilar of it the same day. Moreover, there is no question Aguilar had actual knowledge of the date of the argument. This gave Aguilar adequate time to assign the matter to another attorney. He failed to do so. As a result, there was no appearance on behalf of Aguilar in *Aguilar v. Lerner*. But that was Aguilar's fault, not Kent's.

According to the majority, Kent "violated his responsibility to this court by failing to notify the court that he would not be appearing at oral argument" (maj. opn., *ante*, at p. 391) because he "personally had signed all documents filed in this court on behalf of appellant Aguilar and had informed the court that he would be presenting oral argument . . . ." (*id.* at p. 390). At an earlier time Kent did indeed tell this court he would argue on behalf of Aguilar in *Aguilar v. Lerner*, but that was when Kent was still employed by the law firm of Aguilar & Sebastinelli. To the latter, as attorney of record in *Aguilar v.*

*Lerner*, fell the responsibility of informing this court either that an attorney other than Kent would argue the case or that no attorney would appear for Aguilar.

One additional point. Although under no legal duty to do so in this matter, as a matter of courtesy and consideration Kent should have telephoned the clerk of this court to explain that because he was no longer in the employ of the law firm of Aguilar & Sebastinelli, he would not be appearing for oral argument in the case of *Aguilar v. Lerner*. Kent insists that to have done so could have prejudiced his former client, Attorney Aguilar. But, as the State Bar Court found, doing so would not have breached any professional or ethical obligation to Aguilar.

For the reasons given above, I would not hold Kent in contempt of court.

Werdegar, J., and Brown, J., concurred.

The petition of Allen J. Kent for a rehearing was denied November 10, 2004. Kennard, J., Werdegar, J., and Brown, J., were of the opinion that the petition should be granted.