[No. G042173. Fourth Dist., Div. Three. June 30, 2009.]

YUKI KOBAYASHI, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DOUGLAS HAN, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*The Court of Appeal, in denying rehearing, issued a supplemental opinion on denial of rehearing that was not certified for publication.

538

COUNSEL

Yuki Kobayashi, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

OPINION

SILLS, P. J.—

I

*A* Yuki Kobayashi was declared a vexatious litigant, subject to a prefiling order requiring him to obtain permission to file any new litigation, in a case arising in Los Angeles Superior Court, case No. BC170895.[1]

---

[1] This court knows that fact because the Judicial Council maintains a list of vexatious litigants subject to such prefiling orders and annually disseminates that list to the clerks of the court of this state. Members of the public do not have access to the annual list. However,

But is *that* Yuki Kobayashi the same Yuki Kobayashi who now seeks to file a notice of appeal in an Orange County Superior Court action he has brought against Douglas Han? There is a Judicial Council form (MC-701) for use by individuals who have been declared vexatious litigants when they want to file new litigation. In the case before us, our Yuki Kobayashi has doctored that form to assert that he never was a vexatious litigant in the first place, and is a victim of mistaken identity.[2]

Under oath, this Yuki Kobayashi states: "I have never been determined to be a vexatious litigant but the trial court clerk requires me to obtain prior court approval to file any new litigation in which I am not represented by an attorney." In an attachment, Kobayashi relates that because he did not obtain a prefiling order in the trial court, the trial court dismissed his action against Han. He now seeks to appeal that dismissal, and his application form is intended to file the notice of appeal so he can do just that.

We deny his application in a published three-judge opinion so as to offer guidance to other courts who may also be faced with claims of mistaken identity by persons with the same name as a vexatious litigant.

II

Three aspects of the prefiling statute must first be noted:

---

presumably they can submit a specific inquiry as to whether a given person is on the list to the California Judicial Council's office in San Francisco. The address is on its Web site.

[2] Like something out of a mystery story where the person whodunit alters a letter already written by the deceased, *this* Yuki Kobayashi has, apparently with aid of photocopier and good word processing skills, contrived his request to look *like* a judicial council form entitled: "Request and Order to File New Litigation by Wrongfull Accused of Vexatious Litigant."

Such a form is obviously not the one put out by the Judicial Council. One of the giveaways is that the Judicial Council form writers certainly know better than to describe a person "wrongfully accused" of being a vexatious litigant merely as "Wrongfull Accused." Another giveaway is the spelling of this division as the "tird division." We in the judicial system aren't perfect, but we—and especially the Judicial Council—usually manage to avoid typos in prepared forms.

Kobayashi used his photocopier to, in essence, white out the material on the bottom of the Judicial Council form listing what Judicial Council form it was.

In any event, it is the substance of the request we care about. (See Code Civ. Proc., § 475 ["The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties."].)

■ The Judicial Council is required, under section 391.7, subdivision (e) of the Code of Civil Procedure, to keep a list of persons declared by courts to be vexatious litigants subject to prefiling orders.[3]

■ While the Judicial Council is required to keep a list, it is not required to make the list public. Nothing in section 391.7, the prefiling order statute, requires the Judicial Council to make the list public. Rather, section 391.7, subdivision (e) provides that the list is to be disseminated annually to "clerks of the courts of this state."

When a person is declared to be a vexatious litigant and subject to a prefiling order, there is a particular form, MC-700, prescribed by the Judicial Council to be used to make the prefiling order. The form itself orders the court clerk to send it to the Judicial Council. The form also requires the name *and address* of the individual subject to the prefiling order. Like the names on the list, there is nothing in the statute that requires the address of a vexatious litigant be public.

### III

We think there is a good reason that the MC-700 form should not be public. If the MC-700 form with the address were public, a vexatious litigant could claim to be someone else by the expedient of falsifying his or her address. As things now stand, any court clerk, faced with a claim from a propria persona (pro per) plaintiff with the same name as someone on the vexatious litigant list, may request a copy of the form MC-700 from the Judicial Council. If the address on the MC-700 form matches the address given by the plaintiff before the clerk in the proposed pleading, it is clear that the claim of mistaken identity is spurious.

In the case before us, for example, *this* Yuki Kobayashi gives as his address in his application a certain street and apartment number in Los Angeles. This court has obtained from the Judicial Council the address of the particular Yuki Kobayashi who was declared a vexatious litigant in Los Angeles Superior Court case No. BC170895.

And, guess what? They are the same.

---

[3] Code of Civil Procedure section 391.7, subdivision (e) provides in its entirety: "(e) The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state."

All further statutory references are to the Code of Civil Procedure.

■ There is nothing in *this* Yuki Kobayashi's application to indicate that he shares the same name as a father or son who lives with him and who also happens to be the vexatious Yuki Kobayashi. Under such a circumstance, the odds that this Yuki Kobayashi is a different Yuki Kobayashi than the one declared to be a vexatious litigant in the Los Angeles litigation must be taken to be so low as to be nil. That is, in the case before us, it is a virtual certainty that this Yuki Kobayashi is prevaricating—the polite word—when he stated in his application, "I have never been declared a vexatious litigant."

## IV.

■ The question of the falsity of Kobayashi's mistaken identity claim does not end the inquiry, of course. As explained in both *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 48–49 [61 Cal.Rptr.2d 694], and *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 80 [73 Cal.Rptr.3d 745], California's vexatious litigant statutes are constitutional because they allow vexatious litigants to keep filing lawsuits; the statutes are narrowly drawn so that vexatious litigants simply must comply with reasonable limitations, such as obtaining a prefiling order.

■ The standard by which an appellate court presiding judge determines whether a vexatious litigant may obtain a prefiling order to file a notice of appeal was recently articulated in *In re R.H.* (2009) 170 Cal.App.4th 678 [88 Cal.Rptr.3d 650]. The standard is: "the simple showing of an arguable issue." (*Id.* at p. 705.)

■ In the case before us, we hold that a vexatious litigant who, in his application, falsely claims not to be a vexatious litigant when such a claim is so readily disproven by a simple comparison of addresses, has manifestly failed to show an arguable issue on appeal when the issue on appeal *itself* is the identity of the vexatious litigant. The *Luckett v. Panos* decision explained the importance of honesty in an application was factor number one in determining whether a vexatious litigant has mended his ways and may be relieved of vexatious litigant status. (See *Luckett v. Panos, supra*, 161 Cal.App.4th at p. 93.) Given that much vexatious litigation is the product of the vexatious litigant's propensity for *dis*honesty, requiring honesty in the very application for a prefiling order itself is the least that can be expected in determining whether proposed litigation has merit. Under this standard, Kobayashi has failed to raise an "arguable issue" in regard to his proposed appeal.

## V.

Courts occasionally make recommendations that the Judicial Council take some sort of action. (E.g., *Elkins v. Superior Court* (2007) 41 Cal.4th 1337,

1369, fn. 20 [63 Cal.Rptr.3d 483, 163 P.3d 160] ["We recommend to the Judicial Council that it establish a task force . . . to study and propose measures to assist trial courts in achieving efficiency and fairness in marital dissolution proceedings and to ensure access to justice for litigants, many of whom are self-represented."].)

On the one hand, it is easy for vexatious litigants to make claims of mistaken identity. But on the other hand, our judicial system must protect the rights of innocent litigants who really do have the misfortune of simply sharing the same name as a vexatious litigant, or who, perhaps because of some typo, might be mistakenly placed on the vexatious litigant list.

We therefore recommend that the Judicial Council should consider drawing up a list of protocols to expedite claims of persons claiming merely to have the same name as vexatious litigants, or who believe that their name was mistakenly put upon the list. (Cf. *Ibrahim v. Department of Homeland Sec.* (N.D.Cal. 2006) 2006 WL 3190670, p. *5 [noting Homeland Security's "Passenger Identification Verification" procedures to guard against innocent persons being mistaken for persons on the "No-Fly List" and to allow persons who believe they were mistakenly included on the No-Fly List to seek administrative review of that placement].)

Here are a few (we hope inexpensive) ideas for the Judicial Council to consider:

(1) Establishing a quick and confidential means by which *court clerks* can readily cross-check the address of the person established to be a vexatious litigant with the person who proposes to file new litigation. (For example, a clerk might be able to quickly pull up the MC-700 address at the file window when a pro per litigant whose name is on the vexatious litigant list attempts to file new litigation.)

(2) Requiring that any assertion by a pro per litigant who has the same name as a vexatious litigant that he or she is not that person be under oath.

(3) Preparation of a new form for use by persons claiming only to share the same name as a vexatious litigant in which they may provide, confidentially to the clerk of the court, such details about their identity (e.g., stating under oath their address as of the date of the original order declaring the person with the same name to be a vexatious litigant) that the court clerk court could

readily ascertain whether the person seeking to file the new litigation really had been declared a vexatious litigant in earlier litigation.[4]

## VI.

 Two thoughts still need to be addressed. The first is contempt. As the Supreme Court stated in *In re Aguilar* (2004) 34 Cal.4th 386, 394 [18 Cal.Rptr.3d 874, 97 P.3d 815]: "[A]n intentionally false statement made by an attorney to a court clearly constitutes a contempt of court." (See, e.g., *Vaughn v. Municipal Court* (1967) 252 Cal.App.2d 348, 358 [60 Cal.Rptr. 575] [false statement of fact by attorney in open court, i.e., not under oath, that he was required to be in Chicago the next day, held to be sufficient basis to sustain contempt conviction].)

Pro. per. litigants are held to the same standards as attorneys. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 [35 Cal.Rptr.2d 669, 884 P.2d 126] ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."]; accord, *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1281 [111 Cal.Rptr.2d 439] (dis. opn. of Bedsworth, J.) [pro pers should not be treated the same, "only different"].) We see no reason why the rules of professional conduct, at least as those rules govern conduct in the actual course of litigation, should not apply to pro per litigants in the very cases where pro per litigants elect to act as their own attorneys. To say otherwise would be to give pro per litigants (and particularly vexatious litigants representing themselves) an unfair advantage over parties represented by attorneys bound by that code. Under those rules, an attorney may not intentionally mislead a court. (See Bus. & Prof. Code, § 6068, subd. (d); Rules Prof. Conduct, rule 5-200(B).) Neither may a pro per.

The second thought is perjury. Kobayashi stated under penalty of perjury of the laws of the State of California that his statement that he has never been determined to be a vexatious litigant was "true and correct." We therefore direct the clerk of this court to send a copy of this opinion to the District Attorneys in both Los Angeles and Orange County, and to the Attorney General, for them to take whatever action they may deem fit.

---

[4] We have, of course, considered the obvious: An opinion that says that clerks may readily ascertain the true identity of a person with the same name as a vexatious litigant by checking the address of the vexatious litigant may tip off such people to falsify their addresses when filing in pro. per. First, and in any event—any such attempt can be treated as the contempt of court it would be (see pt. VI, next). Second, we encourage the Judicial Council to study the question of whether some other means of identification—a photograph? Last four digits of one's Social Security number?—might be required of individuals with the same name as a vexatious litigant but claiming to be someone else.

## VII.

Under the standard articulated in *In re R.H.*, *this* Yuki Kobayashi has manifestly failed to raise an arguable issue about his identity. His application to file new litigation, i.e., to file a notice of appeal from the trial court's order denying his prefiling request, is therefore denied. Since this case never got to the appeal stage, there are no costs.

Rylaarsdam, J., and Moore, J., concurred.

A petition for a rehearing was denied July 30, 2009, and petitioner's petition for review by the Supreme Court was denied October 14, 2009, S175360.