Filed 9/8/22 Warren v. Harris CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| COURTNEY WARREN, | |
| Plaintiff and Respondent, | E076717 |
| v. | (Super.Ct.No. CVSW2100791) |
| DAVID HARRIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jeffrey M. Zimel, Judge. Affirmed.

David Harris, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

David Harris appeals a restraining order against him requiring him to stay away from his neighbor, Courtney Warren, for three years.[1] Harris, who represents himself on appeal as he did in the trial court, argues we must reverse the order because, among other things: (1) he was not served with notice to appear at the hearing on the restraining order request; (2) the terms of the order are overly broad and burdensome; and (3) the trial judge erroneously denied his motion for reconsideration. We conclude Harris has forfeited his challenges by failing to provide an adequate record on appeal.

A fundamental rule of appellate review is that we presume a challenged judgment or order is correct unless the appellant affirmatively demonstrates error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) The California Rules of Court specify that an adequate record is one that contains, among other things, the documents filed in the trial court that are "necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on." (Cal. Rules of Court, rule 8.124(b)(1)(B); see also Advisory Committee Comment to rule 8.122(a) [a party designating documents for inclusion in the clerk's transcript must include documents "necessary for proper consideration of the issues raised in the appeal"].)

---

[1] We resolve this appeal by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

Here, the only documents Harris designated for inclusion in the clerk's transcript are: the minute order from the hearing on Warren's request for a restraining order (which reflects Harris was present at the hearing and testified, along with four other witnesses); Harris's motion for reconsideration; the minute order reflecting the trial judge denied his motion; the notice of appeal; the notice designating the record on appeal; and the docket. Additionally, in his notice designating the record on appeal, Harris checked the box for electing to proceed without a reporter's transcript of the oral proceedings before the trial judge. The consequence of such a limited record is that we lack sufficient information about the proceedings in the superior court to determine whether any of Harris's contentions have merit. For example, without the reporter's transcript, we cannot assess whether the terms of the restraining order are overly broad because we don't know what evidence the trial judge relied on in issuing the order.

"Failure to provide an adequate record on an issue requires that the issue be resolved against appellant." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him"].) This rule applies with equal force to self-represented litigants, as we are required to hold them "to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other

3

parties to litigation"].) We therefore conclude Harris failed to satisfy his burden to demonstrate error and affirm the order he appeals.

## DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

4