Filed 2/18/21  Talassazan v. Talassazan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MOJGAN TALASSAZAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT TALASSAZAN,<br><br>    Appellant. | B297564<br>(Los Angeles County<br> Super. Ct. No. SD028001) |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Doreen B. Boxer, Commissioner.   Affirmed.

Albert Talassazan, in pro. per., for Appellant.

Jeff Lewis Law, Sean C. Rotstan and Jeffrey Lewis for Plaintiff and Respondent.

Albert Talassazan appeals from a post-judgment order renewing a December 2017 Domestic Violence Restraining Order (DVRO) in favor of Albert's ex-wife, respondent Mojgan Talassazan.[1]  The DVRO required that Albert refrain from contacting and maintain a specified distance from Mojgan and the parties' three minor children, except that Albert was permitted limited visitation.  Albert takes issue only with the portion of the renewed DVRO limiting his visitation rights.  Because Albert fails to provide a record that permits meaningful review of the challenged order and fails to provide appropriate record citations or coherent legal argument, he has forfeited his arguments and we affirm the trial court's order.

## BACKGROUND

The woefully incomplete appellate record reveals the following:

In April 2014, judgment was entered terminating the parties' marriage.  On December 15, 2017, the family law court issued a one-year DVRO requiring that Albert have no contact with and maintain a distance of at least 100 yards from Mojgan and the parties' three minor children.  An exception to the DVRO permitted Albert one monitored three-hour visit per week with the children in a therapeutic setting until mid-March 2018.  The order stated that "[e]ither party may file a request for order for visitation after 3 months from" December 15, 2017.

---

[1]     We refer to the parties by their first names because they (do or did) share a surname.  We intend no disrespect.

On February 7, 2018, after the parties failed to agree on a schedule or therapeutic setting for Albert's visitation, Albert filed a request asking the trial court to modify and enforce the visitation order.

On March 8, 2018, Mojgan filed a request to renew, extend and enforce the December 2017 DVRO. It is not clear whether or how this request was resolved.

In April 2018, the trial court conducted a hearing on Albert's February 2018 request to modify and enforce the visitation order. On May 25, 2018 the court ordered that, "[c]ommencing May 12, 2018, [Albert] with [*sic*] have professionally monitored visitation with the minor children for 2 hours each Sunday at the N.E.S.S. Center." This order does not specify an expiration date.[2]

On December 7, 2018, Mojgan apparently filed another request to renew the December 15, 2017 restraining order.[3] On March 13, 2019, the trial court conducted an evidentiary hearing on Mojgan's December 2018 request. Following that hearing the court issued an order renewing and extending for five years the December 2017 DVRO, including its limitations on Albert's visitation (Order). Albert timely appealed the Order.

---

[2]     The record does not contain a visitation order superseding the May 2018 order. It is unclear why the trial court "renewed" the December 2017 visitation order that appears both to have expired on its own terms in March 2018 and to have been superseded by the May 2018 visitation order. The parties have not addressed nor do we resolve this question.

[3]     This document itself is not in the appellate record, but the request is mentioned as the request resolved by the March 13, 2019 Order.

## DISCUSSION

Albert does not take issue with the Order to the extent it requires him maintain a distance from Mojgan and refrain from contacting her. Rather, he asks only that this court "restore visitation rights" denied him in the Order from which he appeals.[4]

We begin with the observation that Albert's briefs fail to comply with the rules governing appellate procedure. The briefs lack appropriate record citations. (See Cal. Rules of Court, rule 8.204(a)(1).) "'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.' [Citations.]" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) If an opening brief fails to make appropriate record references in support of the arguments therein, we may treat those points as forfeited. (*Ibid.*; *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.)

Further, Albert's briefs lack citations to legal authority (apart from one string citation to cases reciting the wrong standard of review). An appellant "must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna*

---

[4] Albert's reply brief raises issues not included in his opening brief, i.e., he requests an order giving him unmonitored and unscheduled visits his minor children. Points raised for the first time in reply brief will not be considered, unless the appellant demonstrates good reason for his failure to present them before. (*Antelope Valley Groundwater Cases* (2020) 59 Cal.App.5th 241, 264.) Albert makes no effort to explain why this issue was not raised in his opening brief.

4

*& Morton* (1997) 55 Cal.App.4th 853, 867; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656 [matters not properly raised or that lack adequate legal discussion are deemed forfeited].)  Thus, Albert must show not only that the trial court erred but must demonstrate he was prejudiced by that error (Cal. Const., art. VI, § 13), and his failure to satisfy this burden requires that his arguments be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

Moreover, the appellate record is inadequate.  "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error."  (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)  "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  If the record does not include all the evidence and materials the trial court relied on in making its ruling, we will infer that substantial evidence supports the court's findings.  (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.)  Absent an adequate record on appeal, the judgment must be affirmed.  (*Century Surety Co. v. Polisso, supra,* 139 Cal.App.4th at p. 963.)

Finally, the fact that Albert is self-represented does not excuse his failure to comply with the rules and standards that govern appeals. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 ["Pro. per. litigants are held to the same standards as attorneys"].) Accordingly, we reject his contentions of error, and affirm the order.

5

**DISPOSITION**

The March 13, 2019 post-judgment order is affirmed.  Mojgan shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


          WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.

6