Filed 12/8/22  Powell v. Warner CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HUNTER POWELL, | |
| Plaintiff and Respondent, | E077498 |
| v. | (Super.Ct.No. CVCO2101595) |
| EUN YOUNG WARNER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson, Judge.

Affirmed.

Eun Young Warner, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The trial court granted a civil harassment injunction in favor of Hunter Powell and against his neighbor, Eun Young Warner.  Warner appeals, contending:

(1)  Powell introduced a deceptively edited Ring doorbell security video.

(2)  Powell harassed Warner, including by attempting to run over her with his car.

(3)  Powell filed false declarations.

1

We will hold that Warner forfeited each of these contentions by failing to provide us with an adequate record. Most significantly, she did not arrange to have a court reporter at the evidentiary hearing. As a result, her contentions are not supported by the record.

I

STATEMENT OF THE CASE

In May 2021, Powell filed an application for a civil harassment restraining order (Code Civ. Proc., § 527.6) against Warner. The complete application is not in the record. We have only a declaration by Powell, which, from its date, appears to have been part of the application. Warner filed a response. Both sides also filed supplemental declarations.

In July 2021, the trial court held an evidentiary hearing. No court reporter was present. At the end of the hearing, it granted the petition; it enjoined Warner from harassing Powell and from coming within eight yards of him.

II

ASSERTEDLY DECEPTIVE EDITING OF A RING VIDEO

Warner contends that Powell introduced a deceptively edited Ring doorbell security video.

She has forfeited this contention by failing to provide us with an adequate record. ""'"[A] judgment . . . of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'" (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34

2

Cal.3d 554, 563.)  It necessarily follows that "'[[t]he appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'  [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Warner did not arrange to have a court reporter at the hearing (see Code Civ. Proc., § 269, subd. (a)(1); Cal. Rules of Court, rule 2.956(c)(1)), so we have no reporter's transcript.  The minute order recites that "[t]he court has reviewed various videos in court provided by both parties in this matter."  However, the videos have not been made part of the record.  Thus, we have no way of knowing what the Ring video showed, much less any way of knowing whether it was deceptively edited.

Warner also cannot show that she raised this issue in the trial court.  "'It is axiomatic that arguments not raised in the trial court are forfeited on appeal.'  [Citation.]" (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074.)

Finally, Warner also cannot show that the asserted error was prejudicial.  (See Cal. Const. art. VI, § 13; Code Civ. Proc., § 475; *Elsner v. Uveges* (2004) 34 Cal.4th 915, 939.)  For all we know, even aside from the Ring video, there was ample evidence to support the harassment injunction.

We recognize that Warner is in propria persona.  However, "[p]ro. per. litigants are held to the same standards as attorneys.  [Citations.]" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)  Moreover, it should be obvious even to a non-lawyer

3

that we cannot rule in their favor unless they can show — not just say — that the trial court erred.

## III

## ASSERTED HARASSMENT BY POWELL

Warner contends that Powell harassed her, including by "attempt[ing] to run over [her] with his car." (Capitalization altered.)

Again (see part II, *ante*), Warner has not provided us with an adequate record. It is true that, in her response, she testified that Powell had harassed her in various ways, including "[t]rying to run over me with his car and ambushing [me] out on the street whenever I pass by his sidewalk . . . ." At the hearing, however, there was no court reporter, so we have no reporter's transcript. We know that Powell and another witness testified, but we do not have their testimony. We know that the trial court took judicial notice of the file in another case, but that file has not been provided to us. We know that the trial court considered "[v]arious documents" and videos, but they were not marked as exhibits, and they were returned to the parties.[1] For all we know, this evidence showed that Warner's claim that Powell harassed her was not true, or at least not credible.

Separately and alternatively, Warner has not explained how harassment by Powell, if any, would be legally relevant. An appellate brief must "support each point by argument and, if possible, by citation of authority . . . ." (Cal. Rules of Court, rule

---

[1] Warner does cite certain documents that she attached to her notice of appeal. Because the record does not show that these were ever submitted to the trial court, we cannot consider them. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

4

8.204(a)(1)(B).) "'We are not bound to develop appellants' argument[s] for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat [a] contention as waived.' [Citation.]" (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 964.)

Warner did not file a counter-petition for harassment. If Powell unlawfully harassed her, that did not authorize her to unlawfully harass him. Even assuming for the sake of argument that there is some legal principle under which harassment by Powell would be relevant, Warner has not identified it and has not shown that it applies.

IV

ASSERTEDLY FALSE DECLARATIONS

Warner contends that Powell filed false declarations.

Yet again (see parts II and III, *ante*), she has forfeited this contention by failing to provide us with an adequate record. For all we know, the evidence at the hearing showed that Powell's declarations were true, and that Warner's declarations, to the extent that they were in conflict with Powell's, were false.

Warner claims that Powell's declarations were false only in two respects.

First, she notes Powell's statement that Warner "throws dog poop in my swimming pool." She argues, "[I] did not own a dog. [Powell] had two dogs. It was obviously false." However, the only evidence as to who owned how many dogs was her own declaration. Perhaps her declaration was false and Powell's was true; without a full

5

record, how are we to know?  (We also note that it would not be impossible to get dog poop from a third party's dog.)

Second, Warner notes Powell's statement that she "poured poison on my grass." She argues that it was Powell who poured a poisonous powder (evidently a pool chemical) on her grass; that Powell's grass died only because he did not take care of it; and that the portion of Powell's property closest to her house is concrete, not grass. However, there is no *evidence* of any of this — not even in Warner's own declarations.

To fill this evidentiary gap, Warner moved to augment the record with a declaration in which she stated, "He poured his pool cleaner, [a] poisonous chemical along my front grass and . . . claimed that I poisoned his grass.  It's the other way around."  The declaration, however, is not file-stamped, and the register of actions does not show that it was ever filed.  We therefore denied augmentation.

In sum, then, the record is insufficient to show that Powell's declarations were false.

## V

## DISPOSITION

The order appealed from is affirmed.  In light of Powell's failure to appear, we do not award costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

FIELDS _____

J.

7