Filed 3/10/23  Allen v. Allen CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ERIC ALLEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DARINKA ALLEN,<br><br>        Defendant and Respondent. | A159554<br><br>(Contra Costa County Super. Ct. No. MSD1501381) |

Appellant Eric Allen appeals from a "Judgment on reserved issues" that incorporates an " 'Order Attachment to Judgment on Reserved Issues.' " He has attempted to challenge rulings and orders set forth in the judgment and order concerning ownership of a parcel of real property, ownership of a business, and breaches of fiduciary duty.  However, Allen has failed to provide an adequate record and, more significantly, has not provided record citations in either of the two arguments he advances in his opening brief.[1]  He has therefore forfeited these arguments, and we affirm.[2]

---

[1]  No respondent's brief, and therefore no closing brief, were filed.

[2]  Although Allen is proceeding in propria persona, he is held to the same standard of compliance with the controlling law, both procedural and substantive, as a licensed attorney.  (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

***The Record***

In his notice of appeal, Allen identified the judgment from which he has appealed as a "Judgment after court trial." In his civil case information statement, Allen more specifically identified the judgment from which he has appealed as the trial court's judgment entered on January 15, 2020 and attached a copy thereof. The judgment specifies that it is a "Judgment on reserved issues" and that jurisdiction "is reserved over all other issues." The judgment makes orders on "Property division," "Attorney fees and costs," and "Other" matters as set forth in an " 'Order Attachment to Judgment on Reserved Issues.' " That order, in turn, states the court issued a "Proposed Statement of Decision" on December 10, 2019, as to which no objections were made and which thereby became the court's "Statement of Decision." The order further states that "[a]ll [o]rders" set forth "are made pursuant to the Court's Statement of Decision, filed December 10, 2019."

While it appears Allen may have attempted to designate the court's statement of decision for inclusion in the clerk's transcript, he, in fact, did not do so. On page 2 of his designation, next to a line item stating "(6) Ruling on one or more of the items listed in (5)," he listed as the filing date "12/10/2019." Paragraph (5), however, lists the following items: "Notice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order." Allen did not file, and therefore there are no rulings on, any of the items in paragraph (5).

As the appellant, Allen not only had the responsibility of correctly designating the record he desired—and a record adequate for appellate review—he also had the responsibility of reviewing the record once it was prepared and requesting correction of any deficiency. "[I]t is a fundamental

principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.  [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." '  [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

"The statutory statement of decision process following ' "the trial of a question of fact by the court" . . . [¶] . . . "is for the benefit of the court and the parties.  To the court it gives an opportunity to place upon [the] record, in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which judgment rests.  To the parties, it furnishes the means, in many instances, of having their cause reviewed without great expense." '  [Citation.] A proper statement of decision is thus essential to effective appellate review. 'Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule, ' as we would have no means of ascertaining the trial court's reasoning or determining whether its findings on disputed factual issues support the judgment as a matter of law." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981–982 (*Thompson*).)

In the absence of a statement of decision, as is effectively the case here, the " 'judgment or order of a lower court is presumed to be correct . . . and all intendments and presumptions are indulged in favor of its correctness.' [Citation.]  Specifically, '[u]nder the doctrine of implied findings, the

3

reviewing court must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision.' " (*Thompson, supra,* 6 Cal.App.5th at p. 981.)

Thus, the only question that can even arguably be before us is whether the record contains any substantial evidence that supports implied findings that support the judgment. (See *Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970–971.) Moreover, we liberally construe any finding, express or implied, to "support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson, supra,* 6 Cal.App.5th at p. 981.) "A single witness's testimony may constitute substantial evidence to support a finding," and "[i]t is not our role as a reviewing court to reweigh the evidence or to assess witness credibility." (*Ibid.*)

### *Appellant's Brief*

"Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) "Rule 8.204(a)(1)(C) [of the California Rules of Court] is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.' [Citation.] To provide record citations for alleged facts at some points in a brief, but not at

4

others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8.)

In the argument section of his brief, Allen fails to provide record citations in support of either of the two arguments he advances. This is fatal to any substantial evidence challenge to the judgment.

For example, in his first argument, commencing on page 13 of his opening brief, he states: "In this matter, the Order cites to Family Code §852 to hold that the Quit-Claim Deed is valid. The Order then cites to Family Code §721 to hold that Mr. Allen has failed to overcome the presumption of undue influence." Allen does not provide any citation to the record. Moreover, he must be referring to the court's Statement of Decision, which is not in the record, since neither the "Judgment on reserved issues" nor the " 'Order Attachment to Judgment on Reserved Issues' " contains any such statutory references or makes any such "holdings." Also on page 13, Allen states: "The Order's reliance on *In re Marriage of Haines* (1995) 33 Cal.App.4th 277, 293 is misplaced." He again provides no citation to the record, and again must be referring to the Statement of Decision which is not in the record. On page 14, he states: "The Quit-Claim Deed in this matter was executed after extensive conversations and review of the Quit-Claim Deed by Mr. Allen and Ms. Allen." No citation to the record is provided. On page 15, he states: "The Order requires Mr. Allen to pay Ms. Allen $32,746 in sanctions and finally ordered Mr. Allen to pay Ms. Allen $236,220, based on alleged breach of fiduciary duty. [¶] These amounts do not comport with the evidence in this matter." Again, no citation to the record is provided, and neither the "Judgment on reserved issues" nor the " 'Order Attachment to

Judgment on Reserved Issues' " include any monetary amount.  To the contrary, as to the relief to be awarded for breach of fiduciary duty, the " 'Order Attachment to Judgment on Reserved Issues' " states "[t]he court reserves this matter for a hearing to determine the amount of monetary sanctions that should be ordered."

In his second argument, commencing on page 15 of his opening brief, he again provides no citations to the record.

Allen has therefore forfeited both arguments he has proffered on appeal.  (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 510 [appellant forfeited claim by failing to provide record citations]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 [" ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." ' "].)

## DISPOSITION

The judgment is AFFIRMED.

_____

Banke, J.

We concur:

_____

Margulies, Acting P.J.

_____

Swope, J.*

**Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A159554, Allen v. Allen

7