Filed 9/14/23  Guardianship of X.M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| Guardianship of X.M. et al., Minors. | |
| BABYLISA T., <br><br> Petitioner and Appellant, <br> v. <br> JASON M., <br><br> Objector and Respondent. | A166225 <br><br> (Humboldt County <br> Super. Ct. No. PR2200036) |

This is an appeal from an order denying the petition for guardianship filed by petitioner Babylisa T., the maternal grandmother of three young minors, against their father, objector Jason M.  The minors are X.M. (a boy), R.M. (a boy), and E.M (a girl).

Babylisa T. (maternal grandmother), proceeding in propria persona, sought this guardianship based on allegations that Jason M. (father) was abusing the minors and failing to attend to their basic needs, including their dental care.  The trial court denied her petition after finding no evidence to support these allegations.

On appeal, father chose not to file a respondent's brief.  Nonetheless, we agree with the trial court's findings and order, and therefore affirm. While very serious allegations have been raised, the appellate record contains no clear and convincing evidence of abuse, mistreatment or neglect that

1

would warrant removing the minors from father's custody and awarding guardianship to maternal grandmother.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal consists of: (1) the notice of appeal, filed September 12, 2022, attaching the findings and order after hearing, entered nunc pro tunc as of August 1, 2022; (2) appellant's notice designating record on appeal, filed October 5, 2022; and (3) the hearing transcript dated August 1, 2022. From this abbreviated record, we glean the following facts.

On June 10, 2022, following a hearing at which father was not present, the court issued an order appointing maternal grandmother temporary guardian of the minors. The minors' respective ages are unclear; however, it appears the two boys, X.M. and R.M., have special needs.

On February 10, 2022, maternal grandmother filed a petition to be appointed guardian of the minors (petition). A contested hearing was held on August 1, 2022, at which maternal grandmother and father testified.

According to maternal grandmother's testimony, the minors became "distraught, emotionally, mentally and physically," in father's presence. Just before the hearing, maternal grandmother saw father "pulling at the arms of [E.M.] and [R.M.], trying to force them to come to him, and they were not willing to do that at that time, very afraid, with their hands over their eyes. There were several marks that I noticed on the children's bodies when I got them, welts and keloids . . . ."

Maternal grandmother also referenced "the court investigator's report from Changing Tides," which was one of the family's service providers. The court, however, sustained a hearsay objection raised by father's attorney, who complained that he never received a copy of this report. The court explained to maternal grandmother that she could testify as to her personal

observations but that she could not testify about the contents of a report that was not in evidence. Maternal grandmother thereafter testified that, among other things, the minors had significant dental issues that father had failed to address, the minors were afraid of father and preferred to be with her, and father smokes marijuana throughout the day.

Father, in turn, testified that he had been the minors' primary caregiver since September 2019. In that role, he took care of all of their needs—including their food, security, medical, and special education needs. He also secured several service providers to assist the family, particularly to address his sons' special needs. He denied abusing the minors but acknowledged that he would sometimes "flick" his sons to redirect them when they were behaving in an unsafe way. He also acknowledged using medical marijuana for chronic back pain.

Following the hearing, the trial court denied the petition and dissolved the temporary guardianship order.[1] The court reasoned there was no evidence that would allow it to override legal parental custody for a guardianship. Specifically, while "[t]here may be disagreements with parental methods, especially with special needs children, but, again, [there is] no evidence that the kids are in a state that would—require that they be removed from a custodial parent." On September 12, 2022, maternal grandmother filed a notice of appeal of the court's findings and order.

## DISCUSSION

Maternal grandmother seeks reversal of the trial court's order denying her petition to be appointed guardian of the minors and reinstatement of the temporary guardianship order pending a thorough investigation of her

---

[1] The court's order, dated September 28, 2022, provides that it "is entered Nunc Pro Tunc to 08/01/2022."

3

allegations of father's neglect and abuse. Maternal grandmother argues that, in light of the evidence that father abused and neglected the minors, the trial court erred by failing to refer this matter to Child Protective Services for investigation. She further argues that her petition should have been granted because father failed to offer clear and convincing proof that his retention of custody of the minors would not be detrimental, citing Family Code section 3041.

We begin with the basic principles of appellate law. We presume an order of the trial court is correct and make all inferences in favor of the order. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) On matters as to which the record is silent, it is the appellant's burden to affirmatively show error. (*Ibid.*) The appellant also bears the burden of providing coherent legal arguments with citation to appropriate legal authority and to the relevant record on appeal. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655; *Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1161–1162.) Moreover, the appellant bears the burden of providing this court with a record on appeal that permits us to determine whether the trial court erred. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.) Failure to meet these burdens results in the appellant's forfeiture of his or her arguments on appeal. (*Keyes*, at p. 655; *Salehi*, at p. 1162.)

With respect to the law governing guardianships, " '[a] relative or other person on behalf of the minor, or the minor if 12 years of age or older, may file a petition for the appointment of a guardian . . . .' (Prob. Code, § 1510, subd. (a).) The probate court may appoint a guardian 'if it appears necessary or convenient.' (Prob. Code, § 1514, subd. (a).) [Fn. omitted.] An investigation into the circumstances of the proposed guardianship may be conducted, though the court may waive the investigation. (Prob. Code,

4

§ 1513, subd. (a).) [Fn. omitted.] A probate guardianship is often established with parental consent . . . . [Citations.] A parent who objects to guardianship is entitled to notice and a hearing. (Prob. Code, § 1511.)" (*Guardianship of Ann S.* (2009) 45 Cal.4th 1110, 1122.)

"The Probate Code now specifies that the appointment of a guardian is governed by the Family Code chapters beginning with sections 3020 and 3040. (Prob. Code, § 1514, subd. (b).) [¶] Family Code section 3020, subdivision (a) declares that 'the health, safety, and welfare of children shall be the court's primary concern in determining the best interest of children when making any orders regarding the physical or legal custody or visitation of children.' Under Family Code section 3040, subdivision (a), parents are first in the order of preference for a grant of custody, but 'the court and the family' are allowed 'the widest discretion to choose a parenting plan that is in the best interest of the child.' (Fam. Code, § 3040, [former] subd. (b).)[2] Before granting custody to a nonparent over parental objection, the court must find 'clear and convincing evidence' that 'granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child.' (Fam. Code, § 3041, subds. (b), (a).)" (*Guardianship of Ann S., supra*, 45 Cal.4th at p. 1123.)

Here, the flaw fatal to maternal grandmother's appeal is the lack of any evidence, much less clear and convincing evidence, to support the removal of the minors from father's custody and the appointment of a nonparent guardian. (Fam. Code, § 3041, subds. (b), (a).) The trial court found as much after the August 1, 2022, hearing on her petition. On appeal, in an effort to prove otherwise, maternal grandmother relies almost exclusively on an

---

[2] This language is now found in Family Code section 3040, subdivision (e).

5

alleged report prepared by a court-appointed investigator that is nowhere in the appellate record and was not before the trial court at the contested hearing.[3]  It goes without saying maternal grandmother's reliance on this extrarecord report, or anything in it, is misplaced.  (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115, fn. 6 ["If the record is insufficient to support a trial court's findings . . . , we will not presume the existence of extrarecord materials, however likely they are to exist, to address this insufficiency"].)

Maternal grandmother also contends that father had the burden to prove by clear and convincing evidence that retaining custody of the minors would not be detrimental, citing Family Code section 3041.  Not so.  " 'It is a cardinal rule of our society that the custody, care and nurture of a child resides first in the parents rather than in a public agency.  [Citations.]  As stated in *In re Carmaleta B.* (1978) 21 Cal.3d 482 at page 489 . . . : "Parenting is a fundamental right, and accordingly, is disturbed only in extreme cases of persons acting in a fashion incompatible with parenthood.  Thus, . . . '[t]he relationship of . . . natural parent . . . [and] . . . children is a vital human relationship which has far-reaching implications for the growth and development of the child.  [Citation.] . . . [T]he involuntary termination of that relationship by state action must be viewed as a drastic remedy which should be resorted to only in extreme cases of neglect or abandonment'

---

[3] Oddly, maternal grandmother also argues the trial court erred by relying on this court-appointed investigator's report because the report failed to comply with Probate Code section 1513, subdivision (a)(3).  As mentioned, at the contested hearing it was maternal grandmother who brought up this report, which she described as having been prepared by Changing Tides.  However, the court sustained father's hearsay objection to maternal grandmother's testimony regarding the report and instructed her to testify only as to her personal observations.  Thus, contrary to maternal grandmother's claim, the court did not rely on the report.

[citations]. . . . [S]evering the parental relationship [must be] the least detrimental alternative for the child." ' " (*Guardianship of Jenna G.* (1998) 63 Cal.App.4th 387, 392.) "Th[is] preference for parental custody is adequately protected by *requiring that the petitioner demonstrate by clear and convincing evidence* that parental custody is detrimental to the child, without attempting to enumerate, by judicial gloss on the statutory language, what categories of factual circumstances may or may not be recognized as detrimental to the child." (*Guardianship of Olivia J.* (2000) 84 Cal.App.4th 1146, 1157, italics added.) As such, the trial court properly placed the burden of proof on maternal grandmother, as the petitioner, and not on father.

We acknowledge maternal grandmother has not been represented by counsel during these proceedings. However, the law is clear that an appellant's status as an in pro. per. litigant does not excuse his or her noncompliance with mandatory rules of law. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation"].) Accordingly, we reject maternal grandmother's appeal and affirm the lower court's findings and order.

## DISPOSITION

The findings and order of August 1, 2022, is affirmed.

7

_____

Jackson, P. J.

WE CONCUR:

_____

Simons, J.

_____

Burns, J.

A166225/*Babylisa T. v. Jason M.*