Filed 10/9/23  Akona v. Hupp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROSE LEILANI AKONA | |
| Plaintiff and Respondent, | E077897 |
| v. | (Super.Ct.No. CVMV2104200) |
| PAUL HUPP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Belinda A. Handy, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Paul Hupp, in pro. per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant Paul Hupp (Hupp) appeals the grant of a civil harassment restraining order ordering him to keep away from plaintiff and respondent Rose Leilani Akona (Akona) for a period of three years expiring on October 4, 2023.

1

On appeal, Hupp essentially contends the trial court violated his right to due process under the Fourteenth Amendment of the federal Constitution by rejecting his documents filed in opposition to the request for the restraining order, and by conducting the restraining order hearing without securing his presence at the hearing. Akona has not filed a response. We uphold the trial court's order granting the restraining order.

**FACTUAL AND PROCEDURAL HISTORY**

On September 14, 2021, Akona filed her request for civil harassment restraining order (RO) seeking to require that Hupp stay at least 100 yards from her person, her vehicle, her home, her two dogs, and her fiancée Karl Nicholson. Akona lived in Beaumont and she provided that Hupp lived "two doors from my house." Akona provided in support of the RO that on September 5, 2021, Hupp had been cursing at one of their neighbors; he told the neighbor he was going to kill her. Akona intervened and told Hupp to stop and leave the neighbor alone. Hupp began cursing at Akona and told her was going to kill her and her dogs. Akona believed Hupp was currently incarcerated but she feared for her safety if he was released. In addition to the stay-away order, she requested that Hupp also be ordered to have no indirect or direct contact with her. She insisted that if the trial court issued the RO, Hupp would still be able to get to his home, school or job. She requested also that a temporary restraining order be issued until the hearing on the permanent restraining order could be held. Akona signed the request under penalty of perjury. A temporary restraining order was granted on September 14, 2021.

2

The matter was called for hearing on October 5, 2021. Akona was present but Hupp was not present. The trial court noted that it had a proof of service showing notice of the hearing had been personally served on Hupp on September 16, 2021. As such, the trial court would proceed without his presence.

Akona advised the court that Nicholson was now her husband. Akona provided further information regarding the incident. Hupp had verbally assaulted their 70-year-old neighbor and when Akona intervened, Hupp threatened to kill her and her dogs. She took the threat seriously. Two days after this incident, Hupp physically assaulted the neighbor's husband, resulting in him having to be taken to the hospital. Hupp was taken to jail. The fact that Hupp followed through on his threats made her more fearful of him. Akona offered to provide the court with the charges that Hupp was facing but the trial court did not consider the documents.

The trial court ruled that Akona had met her burden and granted the RO, which would expire at midnight on October 4, 2023. The order applied to Akona, Nicholson, her home, her vehicle, and her two dogs. The trial court modified the RO to order that Hupp stay 10 yards away from Akona and her husband, rather than 100 yards, based on them living close to each other. He also ordered that Hupp have no contact with Akona.

Hupp filed a notice of appeal from the RO on October 13, 2021.

**DISCUSSION**

Hupp essentially argues on appeal that his right to due process afforded by the Fourteenth Amendment was denied by the trial court proceeding with the hearing on the RO without his presence, and by refusing to file his briefs in opposition. Initially, Hupp

3

has failed to provide proper citations to the record and has provided no legal authority supporting his claims. Moreover, the record does not support that Hupp filed any opposition to the request for restraining order in the trial court. In addition, the trial court properly proceeded with the hearing on the request for restraining order without Hupp present at the hearing based on Hupp having been properly served.

A.    WAIVER

The only citations to the record in Hupp's appellant's opening brief are to the request for restraining order filed by Akona and the RO. In addition, Hupp fails to cite to any legal authority to support his claims, other than to the Fourteenth Amendment. He provides no other authority to support what appears to be his arguments that the trial court violated his due process rights by conducting the hearing on the RO without securing his presence, and by rejecting his opposition briefs to the request for the restraining order.

On appeal, " 'A judgment or order of the lower court is *presumed correct*.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Gee v. American Realty & Construction Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "A party's inaccurate or missing record citations 'frustrates this court's ability to evaluate

4

*which facts* a party believes support his position.' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived."  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  Finally, conclusory assertions that Hupp's due process rights were violated do not properly " ' tender the issue for appellate review.' "  (*Philips v. Campbell* (2016) 2 Cal.App.5th 844, 853.)

Hupp has failed to meet his burden of supporting his claims in the opening brief. He fails to properly cite to the record to meet his burden of showing the trial court erred. In addition, he fails to cite to any legal authority that would support his claims.  Even though Hupp is representing himself on appeal, we hold him to the same standards as we do an attorney.  (*Kobayashi v. Superior* Court (2009) 175 Cal.App.4th 536, 543.)  As such, Hupp's claims are waived on appeal.

B.     THE TRIAL COURT DID NOT VIOLATE HUPP'S DUE PROCESS
       RIGHTS

Even if this court were to find that Hupp has properly raised a claim that the trial court violated his due process rights by rejecting his opposition briefs and failing to secure his presence at the hearing on the RO, we would reject the claim.

Under Code of Civil Procedure section 527.6, subdivision (a)(1), "[a] person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining

5

order and an order after hearing prohibiting harassment as provided in this section."[1]

"[U]pon the filing of a petition under this section, the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition. Service shall be made at least five days before the hearing." (Code Civ. Proc., § 527.6, subd. (m)(1).)

"Code of Civil Procedure, section 527.6 provides a quick, simple and truncated procedure" when a party seeks to obtain a restraining order. This includes allowing a party to submit hearsay evidence in support or opposition to the request for a restraining order. (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 521.) "Under this less formal approach to the admission of evidence, '[b]oth sides may offer evidence by deposition, affidavit, or oral testimony, and the court shall receive such evidence, subject only to such reasonable limitations as are necessary to conserve the expeditious nature of the harassment procedure set forth by . . . section 527.6." (*Ibid.*) A person charged with harassment " ' may file a response that explains, excuses, justifies, or denies the alleged harassment, or may file a cross-petition.' " (*Id*. at p. 522.) A party may respond to the request for a restraining order "in writing or orally at the hearing." (*Goals for Autism v. Rosas* (2021) 65 Cal.App.5th 1041, 1045.)

"Due process requires 'the right to be heard in a meaningful manner.' " (*In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 935; see also *Alviso v. Sonoma*

---

[1] Subdivision (b)(3) of section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."

*County Sheriff's Dept.* (2010) 186 Cal.App.4th 198, 209 ["The fundamental requirements of procedural due process are notice and an opportunity to be heard"].) "The due process requirement applies to restraining orders." (*CSV Hospitality Management LLC v. Lucas* (2022) 84 Cal.App.5th 117, 124; see also *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 732-733.)

Hupp insists he attempted to file an opposition brief and a supplemental opposition brief in the trial court, which were rejected and returned to him. While Hupp certainly was entitled to present his case to the trial court in written form, there is no evidence that he actually submitted the brief and supplemental brief to the trial court. In his opening brief, Hupp claims he was in the Banning jail when the request for restraining order was submitted to the trial court.[2] Hupp insists that he filed two legal briefs in opposition to the request and that they were both received by the trial court. In his opening brief, Hupp states the opposition brief was received by the trial court on September 23, 2021, and the supplemental letter brief was received on September 28, 2021. The trial court mailed back his briefs without filing them. In Hupp's motion to augment the record with the two briefs, he states the trial court received the opposition brief on September 22, 2021, and the supplemental brief on September 28, 2021. They were mailed back by the trial court on December 28, 2021. He admits that there is no notation in the register of actions that the briefs were received or lodged, and there is not a court date stamp on the documents.

---

[2] Hupp does not claim that he was improperly served in this case.

7

The first opposition brief includes just a date stamp of "Sep 22 2021" but it is not clear where the date stamp was obtained. In the opposition brief, Hupp presented his account of what happened with his neighbor and Akona. He also stated, "I would like to testify at hearing, please arrange with sheriff for transportation for appearing 10-5-21." A supplemental letter brief with a date stamp "Sep 28 2021," again of unknown origin, provided that Akona had committed perjury in her request for the restraining order. He again requested to be transported for the hearing.

In his notice designating the record on appeal, Hupp requested that the opposition brief and supplemental letter brief be made a part of the record on appeal. The clerk of the court specified that they could not be included in the record because there was no filing date provided and they could not be found.

We have reviewed the register of actions for this case. The register of actions does not reflect that these documents were ever lodged or filed in the trial court and then rejected. The register of actions shows a proof of personal service of the request for the restraining order was filed on September 20, 2021. The next action occurred on October 5, 2021, the date of the hearing. Nothing was filed, lodged or rejected in the case on the dates of September 22, September 23 or September 28, 2021.

In the motion to augment, Hupp insists that the opposition brief and supplemental letter brief were returned to him on December 28, 2021. In the register of actions, the notation for December 28, 2021, simply states, "Notice of Document Return." There is no further explanation as to what these documents were or to whom they were returned.

We simply cannot speculate that the documents returned were the opposition and supplemental briefs.

The record does not support that Hupp actually filed the opposition brief and supplemental letter brief in the trial court; nor does the record support that the trial court rejected the briefs. We note that Hupp had no trouble properly filing his notice of appeal with the trial court. As such, Hupp cannot establish his due process rights were violated as he cannot meet his burden of establishing his opposition briefs were actually received and rejected by the trial court.[3]

Hupp also insists that the trial court should have secured his presence at the RO hearing. He claims that he informed the trial court that he wanted to be present at the hearing or at the very least appear by telephone. However, we have rejected that the evidence supports that the trial court ever received the opposition brief or supplemental letter brief advising the trial court that he wanted to be transferred for the hearing or appear by telephone. As such, the trial court was unaware that Hupp was seeking to be transferred from custody to be present at the hearing.

At the hearing, the trial court noted "I do have a proof of service that's on file. That was filed on September 20th showing that [Hupp] was personally served on September 16, 2021; therefore, this Court does have jurisdiction to move forward." The trial court had evidence that Hupp had been properly served with the request for

---

[3] Since the opposition brief and supplemental letter brief are not part of the record from the trial court, we deny Hupp's request to augment the record or take judicial notice of the briefs.

9

restraining order and had notice of the hearing date.  The trial court could properly conclude that Hupp chose not to be present at the hearing despite receiving notice of the hearing.[4]  Hupp has not met his burden of showing that his due process rights were violated.

## DISPOSITION

The order of the trial court is affirmed in full.  Hupp is to bear his own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

---

[4]  Akona represented in the request for restraining order and at the hearing that she believed Hupp was incarcerated.  However, the trial court never received notice from Hupp that he was, in fact, in custody or that he wished to appear telephonically.

10