Filed 8/22/25  Jacobowitz v. Hawthorne CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| IRWIN JACOBOWITZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> RICK HAWTHORNE et al., <br><br> Defendants and Respondents. | B338172 <br><br> (Los Angeles County <br> Super. Ct. No. 23CHCV01973) |

APPEAL from an order of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Irwin Jacobowitz, Pearl H. Jacobowitz, Dakota Jacobowitz, Arizona Jacobowitz, and Montana Jacobowitz, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

This action arises out of a landlord-tenant dispute. Plaintiffs Irwin Jacobowitz, Pearl H. Jacobowitz, Dakota Jacobowitz, Arizona Jacobowitz, and Montana Jacobowitz (collectively, plaintiffs) sued defendants Rick Hawthorne, Larry Thornton, and Valley View Vaulters, Inc. (collectively, defendants) for allegedly harassing plaintiffs during their tenancy. Plaintiffs allege that defendants engaged in misconduct, including calling the police to report plaintiffs as squatters and filing an unlawful detainer action against them. Plaintiffs appeal from the trial court's order granting defendants' special motion to strike portions of plaintiffs' first amended complaint (FAC) under Code of Civil Procedure section 425.16 (the anti-SLAPP statute). We conclude plaintiffs have not carried their burden on appeal and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the FAC, plaintiffs sought housing through the Supportive Services for Veteran Families (SSVF) Program (38 C.F.R. § 62.1). Hawthorne agreed to participate in the SSVF Program as a landlord and approved of plaintiffs moving into a house in Sylmar. Plaintiffs moved into the home in December 2021.

Issues immediately arose between plaintiffs and defendants. Among other things, defendants allegedly called to have the "[p]olice [ ] escort the [p]laintiffs off the premises by telling the police that the family w[as] homeless and squatters." Defendants also allegedly called the "LA County [M]ental Health hotline [to] say that [plaintiffs] [were] crazy people that had to be put away in order to have them removed from the house."

2

Further, according to the FAC, defendants served a 30-day notice to vacate on plaintiffs in January 2022, stating "[n]o cause . . . as required by SSVF." In March 2022, defendants served plaintiffs with a summons and unlawful detainer complaint. Plaintiffs alleged defendants "[p]rematurely applied" to the unlawful detainer court for a clerk's "Writ of Possession for Real Property" and "[p]rematurely caused" the Los Angeles County Sheriff's Department to issue a notice to vacate the property. Plaintiffs then filed this action and their FAC alleging 20 causes of action based on defendants' conduct concerning the tenancy.

In August 2023, defendants filed a special motion to strike portions of the FAC under the anti-SLAPP statute. In particular, defendants sought to strike the first through fourth, sixth through tenth, 13th to 16th, and 18th to 20th causes of action. Defendants argued the claims arose from protected activity, including defendants' prosecution of the unlawful detainer action, defendants contacting the police and an investigative agency, and communications made in anticipation of litigation. Defendants asserted plaintiffs could not demonstrate a probability of prevailing on the merits because the conduct complained of in these causes of action was "absolutely privileged" under the litigation privilege embodied in Civil Code section 47.

Plaintiffs filed a "combined opposition" to defendants' anti-SLAPP motion and a demurrer defendants had concurrently filed with the motion.[1] Plaintiffs attached multiple exhibits to their opposition. Defendants filed a reply to plaintiffs' opposition and objections to all the attached exhibits.

---

[1] The demurrer was set for hearing for the month following the hearing on defendants' anti-SLAPP motion.

The trial court sustained all the objections to plaintiffs' exhibits and granted defendants' anti-SLAPP motion. The court found defendants met their burden of establishing that the challenged claims arose from protected activity. The court then determined that plaintiffs did not meet their burden of establishing a probability of prevailing on the claims. The court found that defendants' conduct was protected by the litigation privilege and plaintiffs' argument that the litigation privilege was somehow preempted by federal law was without merit. This appeal timely followed.[2]

## DISCUSSION

### A. Governing Law and Standard of Review

"A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there

---

[2] After appellate briefing was complete, plaintiffs filed a "motion for request for oral argument, filing of further evidence, issuance of subpoenas, and default against respondents." Plaintiffs' request for oral argument is moot. Plaintiffs were given the opportunity to request oral argument and did so. Similarly, the request for default is moot, as plaintiffs were informed in May 2025 that defendants are in default because they failed to file a respondents' brief. Plaintiffs' motion is denied as to the remaining requests. Plaintiffs do not provide any authority for their request to subpoena numerous individuals. Nor do they identify what additional evidence they wish to submit on appeal. To the extent they meant to reference the matters in their separately filed request for judicial notice of 38 items and more than 500 pages of documents, the request for judicial notice is denied. Plaintiffs do not show that it is appropriate to take judicial notice of these documents. (Cal. Rules of Court, rule 8.252(a)(2).)

4

is a probability' that the claim will prevail." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) Anti-SLAPP motions are evaluated through a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Though we review a ruling on an anti-SLAPP motion de novo, the appellant bears the burden of demonstrating error, as we shall discuss further. (*Balla v. Hall* (2021) 59 Cal.App.5th 652, 671.)

## B.    Fundamental Appellate Principles

The following principles govern all appeals: A judgment or order of the lower court is "*presumed correct*," and all intendments and presumptions are indulged in favor of its correctness. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264; *Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1172 (*Slone*).)

"Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'" (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) "An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574,

589; *Slone, supra,* 106 Cal.App.5th at p. 1172 [appellants forfeit contentions not supported by citations to relevant portions of the record].)  Self-represented litigants are held to the same standards as attorneys and must follow the rules of appellate procedure.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

## C.    Plaintiffs Have Not Met Their Burden on Appeal

Here, virtually all the factual assertions in plaintiffs' brief are unsupported by citations to the record on appeal, and the contentions are unsupported by sufficient legal authority and reasoned argument.  Plaintiffs' "STATEMENT OF FACTS" (boldface omitted) does not contain a single citation to the appellate record.  The "ARGUMENT" (boldface omitted) section contains record citations in only one of three sections, and those citations are inadequate.  Consequently, plaintiffs' contentions on appeal are forfeited.  (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070 (*LNSU #1*) ["It is not our role as an appellate court independently to review the record for error . . ."].)

When we attempt to consider plaintiffs' arguments, we conclude they are deficient.  Plaintiffs offer no argument as to why the trial court erred in finding that defendants satisfied the first step of the anti-SLAPP analysis, and thus have forfeited any challenge to the finding that plaintiffs' claims arise from protected activity.  (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685.)  Plaintiffs focus on the second step of the anti-SLAPP analysis.  However, they are unable to show that the

6

trial court erred in finding they did not demonstrate a probability of success on the merits.

The first argument section in plaintiffs' brief is entitled, "Whether The State Litigation Privilege/ Anti-Slapp (*sic*) Protects a Landlord In Government Contracted Housing Who Violates Constitutional Due Process Requirements, Such as Good Cause Under The 14TH (*sic*) Amendment Of The U.S. Constitution?" In this section of their brief, plaintiffs cite cases that describe the litigation privilege set forth in Civil Code section 47. The litigation privilege embodied in Civil Code section 47 is "'relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense the plaintiff must overcome to demonstrate a probability of prevailing.'" (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 38.) However, plaintiffs' discussion stops abruptly at the definition of the privilege. Plaintiffs do not provide any argument or citations to the record to show how the litigation privilege was applied or misapplied in their case. They do not discuss the constitutional issues raised in the title of this section of their brief. They do not meet their burden to affirmatively demonstrate the trial court erred.

Plaintiffs' second argument is entitled, "WHETHER THE SSVF ACT PREEMPT EACH ONE OF THE PLAINTIFFS CLAIMS UNDER THE SSVF REGULATIONS 38 CFR PART 62, 38 U.S.C. 2044, & DUE PROCESS?" (*Sic.*) In this section of their brief, plaintiffs do not address the question posed in its title, and as the court did not rule on the preemption of *plaintiffs' claims*, the import of the question is unclear. Instead, plaintiffs provide a general discussion of federal preemption of state law and imply that defendants could not evict them or invoke the litigation privilege because plaintiffs were participants in the

7

SSVF Program, which is a federal program.  They go through many of their causes of action,[3] describing alleged conduct by defendants that violated the SSVF Program rules and policies, again omitting needed citations to the record and pertinent cases. A "party who claims that a state statute is preempted by federal law bears the burden of demonstrating preemption." (*Bronco Wine Co. v. Jolly* (2004) 33 Cal.4th 943, 956; see *Peatros v. Bank of America* (2000) 22 Cal.4th 147, 157 ["Whether federal law preempts state law is fundamentally a question whether Congress has intended such a result. . . . [¶] The 'starting presumption' is that Congress has not so intended"].)  Absent citations to the record and legal authority, plaintiffs do not meet their burden.  They do not show the trial court erred in finding their preemption argument lacked merit.

In the third and final argument section of their brief, plaintiffs ask, "WHETHER CRIMINAL ACTIVITY IN THIS CASE IS PROTECTED BY THE LITIGATION PRIVILEGE?" Plaintiffs argue the litigation privilege does not protect defendants' crimes or fraud, which consists of the following alleged acts:  (1) false statements made by Hawthorne in unlawful detainer pleadings; (2) prematurely obtaining a default judgment against plaintiffs; (3) holding a meeting to discuss how to get plaintiffs out of the house; (4) unclear actions related to rent and security deposit checks sent to Hawthorne, which were cashed, torn up, or not properly documented; and (5) reporting plaintiffs as squatters to the police.  However, plaintiffs do not

---

[3]  In going through their causes of action, plaintiffs do not address multiple claims that were subject to defendants' anti-SLAPP motion and go through two claims not subject to the motion.

provide any citations to the record or legal authority to support their argument. "Such a factually and legally unsupported claim of error does not satisfy appellants' burden on appeal." (*LNSU #1*, *supra*, 94 Cal.App.5th at p. 1070; *Slone*, *supra*, 106 Cal.App.5th at p. 1172.)

Moreover, "[t]he principal purpose of the litigation privilege is to afford litigants and witnesses the utmost freedom of access to the courts without fear of harassment in subsequent derivative actions." (*Geragos v. Abelyan* (2023) 88 Cal.App.5th 1005, 1031.) "'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.' [Citation.]" (*Ibid.*) The privilege is broad and has been applied in numerous cases involving fraudulent communication or perjured testimony. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 322.) It "protects even communication made with an intent to harm, so long as the communication is made in 'relation' to a pending/ongoing or genuinely contemplated judicial or other official proceeding." (*Geragos*, *supra*, 88 Cal.App.5th at pp. 1031–1032, citing Civ. Code, § 47, subd. (b).) Communications made to report misconduct to the police or other official investigative agencies are similarly privileged, as liability for such communications would deter citizens from reporting concerns. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 364–365; *Wang v. Heck* (2012) 203 Cal.App.4th 677, 684.)

Plaintiffs do not show that the actions related to the unlawful detainer proceeding or the reports to official investigative agencies fall outside the protection of Civil Code

9

section 47.  They do not explain how the alleged misconduct identified, even if proven and not privileged, would entitle them to succeed on their claims against defendants.  In sum, plaintiffs do not demonstrate that the trial court erred in finding they did not establish a probability of success on the merits.

## DISPOSITION

The order is affirmed.  Because respondents did not appear on appeal, neither party shall recover costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:



ZUKIN, P. J.



TAMZARIAN, J.