Filed 9/25/25  Marriage of Glines CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of MARY ANNE and SCOTT ALLEN GLINES. | C100488 |
| SCOTT ALLEN GLINES, | (Super. Ct. No. 20FL00024) |
| Respondent, | |
| v. | |
| MARY ANNE GLINES, | |
| Appellant. | |

Appellant Mary Anne Glines filed a request for a domestic violence restraining order against her then husband respondent Scott Allen Glines.  After the trial court granted appellant a temporary restraining order, the court ultimately denied the request and vacated the temporary restraining order.  Appellant appeals, challenging the settled statement and the trial court's order denying the restraining order.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a request for a domestic violence restraining order against respondent on December 28, 2022. The trial court granted a temporary restraining order on the same day and set the next hearing for January 18, 2023.

The trial court continued the restraining order hearing several times until December 14, 2023. The order after the December 14, 2023 hearing stated the court held a trial and both parties testified regarding the allegations in the request for a restraining order. After considering "all pleadings and the evidence presented by each party," the court found "no reasonable connection between [appellant's] distress and [respondent's] conduct." Specifically, the court found appellant "ha[d] not met her burden to prove by a preponderance of the evidence that abuse occurred[,] or that [respondent's] conduct falls under the Domestic Violence Prevention Act. [(Fam. Code, § 6200 et seq.)]" Thus, the court denied appellant's request for a domestic violence restraining order and vacated the temporary restraining order.

Appellant later submitted a proposed settled statement for the December 14, 2023 trial. The trial court's ruling on appellant's settled statement noted, "There was no court reporter present at the December 14, 2023 hearing, and no court-created audio recording of the proceeding. . . . The court itself did not maintain detailed notes of that hearing, and has nowhere near a verbatim recollection of these particular proceedings." The court also believed appellant's proposed settled statement was, "at a minimum, incomplete in that it d[id] not reflect the full scope of [respondent's] evidence." The court then provided a settled statement of its own summarizing the hearing and the court's findings in language copied from its order issued after the December 4, 2023 hearing. After "[n]either party submitted any modifications or objections to the [trial court's proposed] corrected statement within the time permitted," and "[n]either party requested a hearing," the trial court certified this statement as "an accurate summary of the testimony and other evidence that is relevant to the appellant's reasons for the appeal."

2

Appellant appeals.

DISCUSSION

It is a "well-established rule of appellate review that a judgment or order is presumed correct." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) This basic rule applies to all litigants, including those who represent themselves on appeal. Self-represented litigants are not entitled to special treatment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) "Pro[pria] per[sona] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Appellant, who is self-represented, challenges the trial court's order after the December 14, 2023 hearing. She alleges the trial court failed to consider "coercive control" as a form of abuse, asserts there are "irregularities in the settled statement" relating to her "testimony and evidence" from the trial, and generally contends that the "trial and subsequent settled statement process lacked fairness, due process and an adherence to legal standards."

We initially reject appellant's challenges to the settled statement. The settlement of the record is a question of fact the trial court resolves (*People v. Beardslee* (1991) 53 Cal.3d 68, 116; *People v. Hardy* (1992) 2 Cal.4th 86, 183, fn. 30), which is in the best position to know what occurred. The trial court retains " 'full and complete power' " to make a final determination of the content of the settled statement absent a showing that the court acted in an arbitrary fashion. (*Marks v. Superior Court* (2002) 27 Cal.4th 176, 195; see *Hardy*, at p. 183, fn. 30.) Appellant has made no showing that the court acted in an arbitrary fashion. Appellant's main complaint is that the trial court rejected her

3

proposed settled statement. But appellant does not describe how the trial court's rejection of her proposed statement was arbitrary. The trial court has broad discretion to accept or reject a party's representations in settling the statement of the oral proceedings. (*Beardslee*, at p. 116.) Appellant provides no legal support for the proposition that rejection of a party's proposed statement is per se erroneous. Appellant also does not explain how the final settled statement the trial court certified itself was arbitrary. We therefore find no error with the settled statement.

We next conclude appellant has failed to carry her burden establishing error because the record is insufficient. Appellant concedes this point, stating, "[T]here is no compliant settled statement and no transcript of the trial, this section is crucial to understanding [appellant's] appeal." (Italics omitted.) Though we have already disagreed with appellant's challenges to the settled statement, we agree a more robust record is crucial to her appeal because the bare record we have does not provide us with sufficient information to assess appellant's central contentions. Appellant's brief is difficult to follow as it lacks coherent and separate headings for each point of contention (Cal. Rules of Court, rule 8.883(a)(1)(A) [briefs must "[s]tate each point under a separate heading or subheading summarizing the point and support each point by argument"]), but the best we can discern is that appellant is primarily challenging the trial court's failure to consider coercive control as a form of domestic violence susceptible to a restraining order under Family Code section 6320, subdivision (c). The record, however, does not disclose whether appellant argued for coercive control as the basis for domestic violence to preserve the issue for appeal, what evidence the parties provided on this issue at trial, and how the trial court analyzed this evidence outside the written order. Further, coercive control is one form of domestic violence susceptible to restraint. (Fam. Code, § 6320, subds. (a), (c).) And the trial court's written order found the evidence did not support a finding of abuse or domestic violence. Absent indication to the contrary, we must presume the trial court understood the law and understood it could not find an absence of

4

domestic violence if appellant established coercive control. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 500.) Since the court did not grant the restraining order, we must presume it found there was no coercive control.

Appellant's attempts to shoehorn in her own evidence are ineffective. She asserts respondent's abuse "will be established based on the information on the required forms [she] submitted when [she] filed [her] request for a domestic violence restraining order." Appellant is effectively making a substantial evidence challenge by asserting her evidence is more compelling than the evidence respondent presented. But the trial court found no abuse based on the evidence established at trial, including reviewing appellant's pleadings. And we do not have in the record the evidence admitted at trial, including the parties' testimony, to properly assess the full scope of evidence available to the trial court when it rendered its decision. We therefore cannot review the trial court's factual finding related to abuse. Instead, the order states the trial court considered all evidence the parties presented, and appellant does not cite to anything in the record to undermine this conclusion.

Finally, we can discern one reviewable issue appellant raises. Appellant asserts there are several orders the trial court "could have" made but did not, including on property restraint, debts owed for property, and child support, which the trial court reserved for marital dissolution proceedings. Appellant does provide case citations holding trial courts may make at least some of these orders when considering a domestic violence restraining order. (See *In re Marriage of J.Q. & T.B.* (2014) 223 Cal.App.4th 687, 701 ["we conclude a trial court may award spousal support to an applying party prior to concluding domestic violence has occurred"].) But what the trial court *could have* done and what it was *required to do* are two separate issues. Appellant provides no argument or legal support establishing the trial court committed reversible error by not making these orders when denying her request for a domestic violence restraining order.

Because appellant has not carried her burden of establishing error, we must affirm the trial court's order denying her request for a domestic violence restraining order.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
BOULWARE EURIE, J.


6