Filed 5/26/26  Wu v. Sacramento City Unified School Dist. CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| REBECCA WU,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br>        Defendant and Respondent. | C099958<br><br>(Super. Ct. No. 34-2023-80004092-CU-WM-GDS) |

Appellant Rebecca Wu, representing herself in propria persona, filed a petition for writ of mandate against respondent Sacramento City Unified School District.  The trial court sustained respondent's demurrer on the basis appellant had not exhausted administrative remedies with the Public Employment Relations Board (Board).  On appeal, appellant fails to make a cogent argument justifying reversal.  We accordingly affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2023, appellant filed a petition for writ of mandate against respondent.  Appellant alleged she was a teacher at one of respondent's schools and was seeking the trial court to declare an "involuntary transfer of her and 21 other teachers … to be in violation of the law, [the] [c]ollective [b]argaining [a]greement, and Board policies."

1

The petition did not list any causes of action but the only paragraph with legal authority in the heading stated:  "[The Educational Employment Relations Act (Gov. Code, § 3540 et seq.)] codes violated that support the writ for arbritrary [*sic*] transer [*sic*]."  (Boldface and some capitalization omitted.)  This paragraph cited to Government Code sections 3543.1, 3543.2, 3543.5, and 3543.6.  The petition also asserted appellant has exhausted administrative remedies because she filed a grievance with school officials under the collective bargaining agreement.  Appellant elsewhere cited to Education Code sections 35035 and 35056 and portions of the collective bargaining agreement to challenge the involuntary transfer.

Respondent filed a demurrer on July 12, 2023.  The trial court issued a tentative ruling sustaining the demurrer on September 7, 2023, "on the ground that [appellant] has not exhausted her administrative remedies."  The court found appellant appeared "to have satisfactorily alleged exhaustion of the [collective bargaining agreement] grievance procedures" by alleging she " 'filed a grievance per the [collective bargaining agreement].' "  However, appellant's reliance on the Educational Employment Relations Act (Gov. Code, § 3540 et seq.) (Act) "alleges matters subject to the exclusive initial jurisdiction of [the Board].  And the documents subject to judicial notice show that [appellant] is litigating these same issues before [the Board], so she has not exhausted her administrative remedies."  The trial court noted appellant argued the Board had no jurisdiction over Education Code violations, but the court found she "does not allege any comprehensible violation of the Education Code."  It reasoned that, though appellant relied on Education Code section 35056, that section prohibits voluntary transfers and "[b]y her own admission, [appellant] was involuntarily transferred so this section is inapplicable."

The trial court held a hearing with the parties on the tentative ruling the next day, where appellant reiterated her arguments the Board does not have jurisdiction over the Education Code.  The court affirmed its tentative order sustaining the demurrer making

2

the additional finding: "[Appellant's] petition alleges that the transfer was both a retaliation prohibited by [the Act] as well as an abuse of the discretion granted under Education Code section 35035. Because the underlying conduct—the retaliatory transfer—is arguably a violation of [the Act], [the Board] has initial exclusive jurisdiction regardless of the additional allegation that the transfer was a violation of the Education Code."

Appellant appeals.

## DISCUSSION

It is a "well-established rule of appellate review that a judgment or order is presumed correct." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.… [E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

These basic rules apply to all litigants, including those who represent themselves on appeal. (*McComber v. Wells*, *supra*, 72 Cal.App.4th at p. 523.) Self-represented litigants are not entitled to special treatment. (*Ibid*.) "Pro[pria] per[sona] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial

3

courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Appellant fails to present a cogent argument justifying reversal. The trial court order appellant is challenging in this appeal made two findings: (1) Appellant's writ petition asserts claims based on the Act, and (2) any reliance on the Act requires appellant to exhaust administrative remedies with the Board. Appellant's appellate briefing fails to establish these findings were erroneous. Her briefs are difficult to understand and discern relevant legal arguments. Appellant's 61-page opening brief includes 37 headings, two of which have over 80 words; a statement of facts largely devoid of citations to the record and when there are citations, they are to appellant's own arguments made to the trial court; many legal assertions without any citation to legal support; information extraneous to the record; and many indecipherable non sequiturs.

We can discern only one portion of appellant's brief relevant to the issues on appeal. Appellant cites to case law acknowledging exceptions to the exhaustion of administrative remedies doctrine. (*City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 609 ["The exhaustion doctrine has certain exceptions"].) But appellant provides only conclusory arguments for the application of these exceptions to her case. For example, after quoting *City of San Jose*, appellant contends, "[W]ater, food, and shelter are essential and would fall under exceptions when it comes to employment matters," and "[a]ssigned teachers … [are] an essential public policy and thus squarely fall[] in the superior court for a speedy remedy of a public interest." (Capitalization omitted.) Nowhere in these discussions is a reasoned argument on how an exception to the exhaustion of administrative remedies applies to appellant's action with supporting case law. Moreover, our Supreme Court in *City of San Jose* found an *exception did not apply.* (*Id*. at pp. 611-612.) Appellant does not attempt to establish her case warrants a different outcome.

Appellant also fails to establish a reasonable possibility she can amend her complaint.  (*Pacific Bell Telephone Co. v. County of Placer* (2025) 111 Cal.App.5th 634, 640, 648 [in challenging a sustained demurrer an appellant must establish whether there is a reasonable possibility the defect can be cured by amendment].)  Appellant's entire argument on this point is made exclusively in a heading stating:  "The amended complaint should be allowed if needed.  This should be remanded to continue in court.  It does not necessarily need amending but will do so to cl[arify]."  (Boldface and some capitalization omitted.)  Appellant fails to provide any means by which she can modify her complaint.

Appellant has therefore failed to establish the trial court erred in sustaining the demurrer and we consequently affirm the trial court's order.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, J.


We concur:



/s/
HULL, Acting P. J.



/s/
WISEMAN, J.[*]

---

[*]    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5